STATE v. JAMES DIXON.

(Filed 28 October, 1908).

1. Larceny—Evidence, Sufficient.

     Meat found in defendant's smokehouse and identified by private marks by the owner as that taken from his smokehouse, which had been broken into and meat stolen therefrom, is sufficient evidence to sustain an indictment for larceny.

2. Instructions—Charge in Writing—Sufficient Compliance.

     When, upon request of counsel, the trial Judge puts his charge in writing, and it is a full instruction generally as to the law applicable thereto, it is permissible for him to read his notes of evidence to the jury, and there is no error therein when it does not appear that the interest of the party has been prejudiced.

3. Instructions—Reasonable Doubt—Sufficient Charge.

     In a criminal case it is not to defendant's prejudice for the trial Judge to charge the jury, in substance, upon supporting evidence, that a reasonable doubt implied that the jury must be satisfied to a moral certainty, and, if the State has so satisfied the jury, they should return a verdict of guilty, when other parts

of the charge relating to the same subject matter correctly state the law.

### 4. Larceny—Witness in Own Behalf—Evidence, Weight of—Instructions.

The material question as to the correctness of the charge of the trial Judge, bearing upon the credibility of the evidence of defendant, a witness in his own behalf on a trial under indictment, is whether the jury was misled to defendant's prejudice, and it is not error for the lower Court to charge the jury that they should consider the interest he had, scrutinize his evidence closely, but they would not be warranted in refusing to believe his evidence because of the fact he was under indictment.

### 5. Appeal and Error—Larceny—Value of Goods—Burden of Proof—Term of Sentence.

When there is no evidence appearing in the record of the value of goods stolen by defendant, but it appears that they consisted of eighteen hams, eleven shoulders and eight sides of meat, he cannot successfully contend that a maximum sentence of twelve months' imprisonment could not be imposed, for it is incumbent on him to prove the value in diminution of the sentence.

INDICTMENT for larceny tried before *Neal, J.,* and a jury, April Term, 1908, of SAMPSON.

The defendant, James Dixon, was convicted under the second count in the bill for receiving, and sentenced to two years on the roads. From the judgment pronounced he appealed to the Supreme Court.

*Assistant Attorney-General Clement,* and *Faison & Wright* for State.

*John D. Kerr, F. R. Cooper,* and *Stevens, Beasley & Weeks* for defendant.

BROWN, J. The evidence sent up with the record tends strongly to prove that on Friday night, 6 March, 1908, the smoke house of one Bruner, in the county of Sampson, was broken into and a large number of hams, shoulders and sides of meat were stolen therefrom, and that on the next night this meat was found in the smoke house of defendant. The meat was identified by the owner by private marks or holes

he had made at the bone. The evidence of guilt not only justified his Honor in submitting the matter to the jury, but it is plenary and convincing.

There are a number of exceptions to the testimony, all of them without merit, and we find nothing in them which requires discussion.

In respect to the charge of the Court, there are several assignments of error, some of which we will notice. There is nothing appearing in the record to sustain the exception "that his Honor, after having been requested to put the charge in writing, stated orally at great length, and with vigor, the contentions of the State, after having read the written charge, and the oral statement of the contentions of the State was error."

The written charge is a full instruction generally as to the law bearing on the charge, and although required upon request to be in writing as to the law of the case, it was entirely permissible for his Honor to read his notes of evidence to the jury. There is nothing in the record indicating that the Judge stated verbally "at great length and with vigor" the contentions of the State to the prejudice of the defendant.

The defendant excepts to that part of the charge relating to the oft discussed subject of the reasonable doubt. Judge Pearson doubted if this common formula had ever been of any practical benefit in the administration of the criminal law. But we think whatever benefit a person charged with crime may get from it was more than given this defendant, when his Honor stated substantially that a reasonable doubt implied that the jury must be satisfied to a moral certainty.

His Honor further told the jury in that connection, "If the State so satisfies you, you should return a verdict of guilty."

It is earnestly contended that this last expression is prejudicial error in that it withdraws from the jury any consideration of the evidence offered by the defendant. We think,

with all respect to learned counsel, this exception has nothing to support it.

The burden was upon the State, after all the evidence was heard, to satisfy the jury beyond a reasonable doubt of defendant's guilt. Nothing in the language complained of took from the jury the right to weigh and consider the evidence offered in behalf of the defendant.

This is manifest from the language of the Court immediately following the phrase excepted to, viz: "If the jury after having heard all the evidence, and having given to it all a fair and deliberate consideration in an effort to reach the truth, and having then gathered all the light they can from the argument of counsel, and further having applied the charge of the Court, if the minds of the jury then reach the conclusion that the guilt of the defendant is established, then the jury would not in contemplation of law entertain a reasonable doubt." How could the jury entertain a reasonable doubt if after considering all the evidence they declared the guilt of the defendant to be established? When a fact is established it is completely and fully proven. We think the precedents fully sustain this charge of his Honor. *State v. Whitson,* 111 N. C., 695; *State v. Gould,* 90 N. C., 662.

The defendant excepts to that portion of the charge bearing on defendant's credibility, viz: "In passing upon the evidence of the defendant you should take into consideration the interest they have in the indictment. You should scrutinize their evidence closely; you would not be warranted in refusing to believe what they say because of the fact that they are under indictment; but you should consider their interest in the contest and give to what they say such weight as you think under all the circumstances it is entitled to."

We think this exception is without merit, as the charge distinctly instructs the jury that they would not be warranted in disbelieving what defendant testifies to, because he is under indictment. The instruction is in line with *State v.*

*Byers,* 100 N. C., 517, citing *Flint v. Bodenhamer,* 80 N. C., 205 ; *State v. Hardee,* 83 N. C., 619.

The essential question, in every case where error is based upon such instruction, must be, was the jury thereby misled to the prejudice of the defendant?

There is nothing whatever in the language of his Honor which can be said to express any opinion that he entertained; or that was calculated to cast any suspicion upon the defendant's testimony.

As long as the trial Judge did not cast suspicion upon his evidence, we fail to see how the defendant was prejudiced by the instruction.

We think the charge also sustained by the Courts of other States, *Palmer v. State,* 97 N. W. Rep. 235, a Nebraska case, *McIntosh v. State,* 151 Ind., 251.

The only other exception we deem it necessary to notice relates to the punishment. It is contended that the Court could sentence to no longer term than twelve months, as the value of the property was under $20.00. We fail to discover any such finding in the record or any evidence to sustain such contention. The property stolen consisted of eighteen hams, eleven shoulders and eight sides of meat, and doubtless the quantity of it deterred the defendant from attempting to prove that the meat was worth no more than $20.00. However that may be, it was matter of defense, and it was incumbent on defendant to prove its value in diminution of sentence. *State v. Harris,* 119 N. C., 812.

Upon an examination of the record we find no error that we think would require us to order another trial.

No error.