STATE v. JAKE SHUFORD AND LOUIS CLEMENT.

(Filed 20 April, 1910.)

1. **Evidence—Objections and Exceptions—General Objections.**

   A general objection taken to evidence on the ground of incompetency cannot be sustained when a part of the evidence objected to is competent.

2. **Evidence, Competent—Larceny.**

   Upon trial under an indictment for burglary in the second degree testimony of a witness that "parties had been in our room" is not objectionable as a mere expression of witness's opinion, he having no knowledge that defendants had been there, when it appears from his evidence that he intended to testify that some one had been there, judging from the appearance of the room.

3. **Evidence—Former Evidence—Opinion—Harmless Error.**

   Testimony of a justice of the peace before whom defendant had had a preliminary trial, that the defendant had substantially testified in the Superior Court to what he had testified before him, is not reversible error when the witness has stated what the defendant had testified before him, thus giving the jury full opportunity to pass upon the question whether there was any discrepancy or conflict in the testimony.

4. **Appeal and Error—Evidence in Rebuttal—Discretion of Court.**

   The trial judge may in his discretion refuse to allow additional testimony in rebuttal, after the case has been closed, and his ruling is not reviewable on appeal.

5. **Larceny from Dwelling—Night-time—Value of Property—Interpretation of Statutes.**

   Revisal, sec. 3506, providing that "in all cases of larceny where the value of the property stolen does not exceed $20 the punishment shall, for the first offense, not exceed imprisonment * * * for a longer term than one year. If the larceny is from * * * the dwelling-house by breaking and entering in the daytime, this section shall have no application," means that a larceny committed by breaking and entering a dwelling-house in the night-time cannot be punished by imprisonment for more than one year when the value of the property stolen does not exceed the amount named; for while a penal statute should be strictly construed, it must be reasonably construed. Revisal, sec. 3500.

APPEAL by defendant from *Long, J.,* at November Term, 1909, of ROWAN.

The facts are stated in the opinion of the Court.

*Attorney-General Bickett* and *G. L. Jones* for the State.
*Clement & Clement* and *Whitehead Kluttz* for defendants.

WALKER, J. This was an indictment against the defendants for burglary in the second degree, and the allegation in the indictment is that they did break and enter the house of B. F. McDaniel and did feloniously steal and carry away therefrom certain articles of personal property described in the indictment.

The defendants were convicted of larceny, and appealed to this Court from the judgment of the court below, upon exceptions and assignments of error stated in the record.

The first exception is to the statement of B. F. McDaniel, a witness for the State, as follows: "The parties had been in our bedroom." The defendants contended that this was a mere expression of opinion on the part of the witness, as it appeared that he had no knowledge of the fact. The statement is found in a mass of testimony, some of which is clearly competent, and to which the defendant entered a general objection. This would be sufficient to dispose of the exception, as the defendant should have pointed out the part of the evidence to which he objected. If the answer of a witness is blended with other testimony which, or a part of which, is competent, and a general objection be taken to the whole, the objection fails, though a part of the testimony may be incompetent. This is a well-settled rule. But we do not think the testimony of the witness, to which, perhaps, objection was intended to be taken, is incompetent. He did not refer to the defendants in the case, but intended to say that it was evident that, from appearances, somebody had entered the room during the night, and this more clearly appears from the statement which follows, that the house had been closed before his family had retired for the night. *S. v. Ellsworth,* 130 N. C., 690.

The next exception, upon which the defendants rely, relates to the testimony of the justice of the peace, who stated that Oscar Hudson, who had also been indicted with the other two defendants for the same burglary, had testified in the trial of the case in the Superior Court substantially as he had in the justice's court before him; but this objection cannot be sustained, because the witness stated what the testimony of Hudson was in the justice's court. It was, of course, the province of the jury to pass upon the question whether there was any discrepancy or conflict between the testimony of the witness, Oscar Hudson, before the magistrate and his testimony at the trial in the Superior Court, and it appears in this case that they had full opportunity to do this. The same question, as now presented, was raised in *S. v. McLaughlin,* 126 N. C., 1080, in which the Court held, it is true, that the bare statement of the justice that the testimony of the witness before him and be-

fore the Superior Court was the same, was incompetent; but the Court further said that it was competent for the justice to state what the witness had testified before him, in order that the jury might pass upon the question as to whether the testimony in both courts is substantially the same. The mere opinion of the witness, expressed in this case, did not prevent the jury from passing upon the disputed fact as to the correspondence of the testimony of the witness in the two courts. The judge might well have instructed the jury not to consider the opinion of the witness; but if there was any error in his failure or omission to do so, we think that, considering this case in all its aspects, it was harmless error.

The State had introduced evidence tending to establish the guilt of the defendants, and the testimony of the defendants themselves tended to show their innocence. The State, after the defendants had rested their case, offered in rebuttal, evidence of the fact that the defendants Hudson and Clement were at Knox's store, which is not far from McDaniel's house, at 9 o'clock the night of the burglary. After the State had closed its case, the defendants proposed to prove that, before 9 o'clock on the same night, the defendants were at Floyd Alexander's. The court, at first, and in the exercise of its discretion, refused to hear further testimony from the defendants, but afterwards allowed them to examine George Gordon, one of their witnesses, and they proposed to prove by him that he was at Floyd Alexander's house before 9 o'clock on the same night. His Honor thereupon, in the exercise of his discretion, refused to hear further testimony, and the defendant excepted. The testimony of the witnesses Smith and Thompson, who were introduced by the State to rebut the testimony of the defendants, was not new and substantive testimony, but tended merely to contradict the testimony of the defendants, and it was competent for this purpose. It was, therefore, discretionary with the judge whether he would allow additional testimony to be introduced by the defendants. *Dupree v. Insurance Co.*, 92 N. C., 417. We think that, in this case, the judge merely exercised his discretion in refusing to hear further testimony, and, besides, the evidence offered by the defendants did not tend to contradict what was said by the witnesses Smith and Thompson, in rebuttal, because the defendants proposed to show that they were at Floyd Alexander's prior to the time that it was testified by Smith and Thompson that they were at Knox's store.

The last exception taken by the defendants relates to the degree of punishment imposed by the judge. The defendants were sentenced to imprisonment for a term of three years. The

defendants contended that, as the value of the property was not more than $20, the sentence could not exceed a term of one year. It is provided by the Revisal, sec. 3506, as follows: "In all cases of larceny, where the value of the property stolen does not exceed $20, the punishment shall, for the first offense, not exceed imprisonment in the State's Prison or common jail for a longer term than one year. If the larceny is from the person, or from the dwelling-house by breaking and entering in the daytime, this section shall have no application. In all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen."

Surely, the Legislature did not intend that a larceny committed by breaking and entering a dwelling in the night-time should not be punished as severely as one committed in the daytime. It was evidently the intention of the Legislature, in passing the statute, that where there were circumstances of aggravation, the value of the property should not be considered in passing sentence, that is, where the larceny was committed by taking property from the person or by breaking and entering a dwelling-house. This is not one of the cases where a penal statute should be construed strictly, and thereby defeat the manifest intention of the Legislature. Indeed, while we have often said that a penal statute should be construed strictly, it should also be construed reasonably, so as to ascertain what was meant by the Legislature and to execute its intention. We think it would be giving a strained construction to section 3506 if we should hold that a larceny committed by breaking and entering a dwelling-house in the night-time cannot be punished by imprisonment for more than one year, and that larceny from the person, or by breaking and entering in the daytime, may be punished by a much longer imprisonment. Revisal, sec. 3500, provides in regard to the punishment of larceny, that in cases of aggravation or of hardened offenders, the court may, in its discretion, sentence the offender to the State's Prison for a period not exceeding ten years.

Upon a careful review of the whole case, we find no error in the rulings of the court or in the record.