STATE v. CONNELL TALLEY.

(Filed 19 December, 1930.)

**Larceny A b—In this case held: defendant was entitled to have verdict establish value of property stolen.**

Under the provisions of chapter 285, Public Laws of 1895, as amended by chapter 118, Public Laws of 1913, the punishment for larceny of goods of less value than twenty dollars is for a misdemeanor, and over that and under certain circumstances is punishable as a felony, the burden being upon the defendant to show a diminution of the sentence, and where he has introduced no evidence and the State's evidence is conflicting, he is entitled to have the value fixed by the verdict of the jury: and *Held,* where this has not been done, a sentence for the commission of a felony is reversible error.

APPEAL by defendant from *Moore, J.,* at March-April Term, 1930, of TRANSYLVANIA. New trial.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Coleman Galloway and Shipman & Arledge for defendant.*

ADAMS, J. At the session of 1895 the General Assembly enacted this statute: "In all cases of larceny where the value of the property stolen does not exceed twenty dollars, the punishment shall, for the first offense, not exceed imprisonment in the State's prison or common jail, for a longer term than one year. If the larceny is from the person, or from the dwelling by breaking and entering in the daytime, this section shall have no application. In all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen." Public Laws 1895, ch. 285; Revisal, 3506.

This act was amended in 1913 so as to read as follows: "The larceny of and receiving of stolen goods knowing them to be stolen, of the value of not more than twenty dollars, is hereby declared a misdemeanor, and the punishment therefor shall be in the discretion of the court. If the larceny is from the person or from the dwelling by breaking and entering, this section shall have no application: *Provided,* that this act shall not apply to horse stealing: *Provided further,* that this act shall have no application to indictments or presentments now pending nor to acts or offenses committed prior to the ratification of this act. The Superior Court of North Carolina shall have exclusive jurisdiction of the trial of all cases of the larceny of or the receiving of stolen goods, knowing them to be stolen, of the value of more than twenty dollars." Public Laws 1913, ch. 118; North Carolina Code, 1927, sec. 4251.

The punishment for misdemeanors is prescribed in C. S., 4173, as amended by the Public Laws of 1927, ch. 1: "All misdemeanors, where a specific punishment is not prescribed shall be punished as misdemeanors at common law; but if the offense be infamous, or done in secrecy and malice, or with deceit and intent to defraud, the offender shall be punished by imprisonment in the county jail or State prison for not less than four months nor more than ten years, or shall be fined." North Carolina Code, 1927, sec. 4173.

The defendant was convicted of the larceny of potatoes charged in the indictment to be of the value of forty dollars. He neither testified nor introduced any witnesses. There was evidence tending to support the State's contention that the value of the property was in excess of twenty dollars; there was other evidence from which the jury might have inferred that the value, as the defendant contended, did not exceed this amount. As the value of the property was a matter of defense, it was encumbent upon the defendant to prove its value in diminution of the sentence. *S. v. Harris,* 119 N. C., 811; *S. v. Dixon,* 149 N. C., 460. He was not, however, required to introduce evidence; he could rely for this purpose upon the evidence offered by the State. *S. v. Gaddy,* 166 N. C., 341.

The trial court inadvertently deprived the defendant of the right to have the value of the property determined by the jury and the grade of the offense ascertained. If the defendant be convicted only of a misdemeanor he cannot be punished as if convicted of a felony. There is no evidence that the offense was an infamous one, or that it was done in secrecy and malice, or with deceit and intent to defraud, and therefore punishable by imprisonment in the State prison. C. S., 4173. Nor is there any evidence that the offense is within any of the exceptions mentioned in C. S., 4251.

New trial.