### STATE v. WALTER MOUNCE.

(Filed 27 February, 1946.)

**Criminal Law § 62a—**

Upon a plea of *nolo contendere* to a charge of receiving cigarettes of the value of $75.00 knowing them to have been stolen, a sentence of imprisonment at hard labor for not less than three years nor more than five years is within the limits prescribed by statute, G. S., 14-1, G. S., 14-2, G. S., 14-3, G. S., 14-71, and therefore defendant's contention that the punishment imposed is excessive for the offense charged is not meritorious.

APPEAL by defendant from *Pless, J.,* at August Term, 1945, of ROCKINGHAM.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Glidewell & Glidewell for defendant, appellant.*

SEAWELL, J.   The defendant was brought before the court on a bill of indictment charging him with receiving sixty cartons of Chesterfield cigarettes of the value of seventy-five dollars, knowing them to have been stolen.   When the case came on for trial, he entered a plea of *nolo contendere.*   Thereupon, the court entered judgment that he be imprisoned in the State's Prison at hard labor for not less than three years nor more than five years.   From this judgment the defendant appealed.

The appellant contends that the term of imprisonment imposed upon him is excessive punishment for the offense charged, and constitutes reversible error.   At the same time the brief concedes, and correctly so, that the sentence is within the stated limits of the law.   G. S., 14-1, G. S., 14-2, G. S., 14-3, G. S., 14-71; *S. v. Reddick,* 222 N. C., 520, 23 S. E. (2d), 909; *S. v. Harwood,* 206 N. C., 87, 173 S. E., 24; *S. v. Ritter,* 199 N. C., 116, 120, 164 S. E., 62; *S. v. Brite,* 73 N. C., 26.   The exercise of the court's discretion, within the limitations of applicable statutes respecting punishment, will not be disturbed when objection is predicated solely on the ground of excessive punishment.   *S. v. Levy,* 220 N. C., 812, 18 S. E. (2d), 355; *S. v. Calcutt,* 219 N. C., 545, 569, 15 S. E. (2d), 9; *S. v. Brackett,* 218 N. C., 369, 11 S. E. (2d), 146; *S. v. Harris,* 204 N. C., 422, 423, 424, 168 S. E., 498; *S. v. Rippy,* 127 N. C., 516, 517, 37 S. E., 148; *S. v. Brite, supra.*

The exception is not meritorious, and the judgment of the trial court is Affirmed.