## STATE v. PAUL ELMER HILL.

(Filed 20 May, 1953.)

**1. Criminal Law § 79—**

Exceptions not set out in the brief, or which are set out in the brief but are supported by no reason or argument, will be taken as abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Criminal Law § 81c (2)—**

Where, in a single instance in stating the State's contentions, the court charges that "the court says and contends . . ." but the *lapsus linguae* is immediately brought to the court's attention and corrected by the court, the inadvertence will not be held for prejudicial error.

**3. Receiving Stolen Goods § 8—**

In a prosecution for feloniously receiving stolen goods, the jury is not required to fix the value of the goods in its verdict. G.S. 14-71.

APPEAL by defendant from *McLean, Special Judge,* November Term, 1952, of DAVIDSON.

This is a criminal prosecution upon an indictment charging the defendant with larceny and receiving.

The State offered evidence to the effect that Otis Lindsey Michael and Guy Stanley Jordan stole eight rolls of copper wire from Davidson Electric Membership Corporation about 15 August, 1952, and hid it in the bushes in Hotchkiss Bottom on the backwaters of High Rock Lake; that each roll weighed approximately 200 pounds; that the wire stolen ranged in price from $34.18 to $37.00 per hundred pounds; that the defendant Hill did not participate in the theft of the wire but assisted in chopping it up and in burning off the insulation in an effort to make it difficult to identify; and that the defendant Hill carried the chopped up wire in his car to Salisbury, N. C., and sold it to a junk dealer.

Sam Swartz, the junk dealer, testified that he bought 238½ pounds of copper wire from the defendant Hill on 26 August, 1952, and paid him 17c a pound for it; that the wire looked like it had been chopped into small pieces and had been burned; that he later purchased 338 pounds of wire from the defendant in the same condition and for which he paid him 18c a pound; that when Hill sold this wire to him, he said his name was Otis Lindsey.

The jury returned a verdict of "guilty of receiving as charged in the bill of indictment," and from the judgment pronounced thereon the defendant appealed, assigning error.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and Gerald F. White, Member of Staff, for the State.*
*Phillips & Bower for defendant, appellant.*

DENNY, J.   The defendant does not bring forward the assignment of error based on his exception to the failure of the court below to sustain his motion for judgment as of nonsuit.   In fact, in his brief, he brings forward and discusses only two of his six assignments of error.

Exceptions in the record not set out in the appellant's brief, or when set out therein, if no reason or argument is stated, or authorities cited in support thereof, will be taken as abandoned.   Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544.

The defendant assigns as error the following portion of his Honor's charge: "So the Court says and contends that your verdict upon this evidence should be that of guilty as charged in the bill of indictment."

According to the record, while his Honor was giving a summation of the State's contentions and was repeatedly beginning sentences with the prefaced clause, "The State contends," in one sentence by a slip of the tongue he inadvertently said, "So the Court says and contends . . ." The Solicitor called the inadvertence to his Honor's attention and he immediately corrected it; and we perceive no prejudicial harm as having come to the defendant in this respect.   S. v. Rogers, 216 N.C. 731, 6 S.E. 2d 499; S. v. Brooks, 225 N.C. 662, 36 S.E. 2d 238; S. v. Deaton, 226 N.C. 348, 38 S.E. 2d 81.

The defendant in his fifth assignment of error, contends that the jury in its verdict, should have fixed the value of the stolen property.

The indictment is under G.S. 14-71, and not under G.S. 14-72.   It is provided in the latter statute that if the value of the stolen property be in doubt the "jury shall, in the verdict, fix the value of the property stolen."   Here the indictment charged the defendant with knowingly and feloniously receiving stolen goods of the value of $210.05.   And the verdict of "guilty as charged in the bill of indictment" necessarily included a finding beyond a reasonable doubt that the defendant knowingly and feloniously received the stolen goods as charged in the bill of indictment. The verdict is amply supported by the evidence.   In fact, according to the evidence, the value of the wire received by the defendant before it was cut up and burned, was worth substantially more than the value set out in the bill of indictment.   The evidence further tends to show that the defendant helped to destroy the value of the wire.   And after it was cut up and the insulation burned off, he received more than $100.00 for it as junk.

In any event, in a prosecution under G.S. 14-71, the jury is not required to fix the value of the stolen goods in its verdict.   S. v. Morrison, 207 N.C. 804, 178 S.E. 562.   This assignment of error is without merit.

We find no prejudicial error in the trial below, and the judgment will be upheld.

No error.