## STATE v. ROBERT DAVIS ALIAS POP DAVIS.

(Filed 19 October, 1960.)

**1. Criminal Law § 16—**

Where a statute (Ch. 509, Session Laws of 1945) provides that upon demand for a jury trial by either the defendant or the State the cause should be transferred to the Superior Court, such statute modifies G.S. 7-240 so that upon transfer of a cause to the Superior Court upon demand of the State for a jury trial, the Superior Court acquires concurrent original jurisdiction even though the offense be a petty misdemeanor and even though the county is exempt from the provisions of G.S. 7-64.

**2. Receiving Stolen Goods § 8—**

The value of the goods received by defendant with knowledge that the goods had been stolen relates only to the quantum of punishment.

**3. Receiving Stolen Goods § 6—**

In a prosecution for receiving stolen goods with knowledge that they had been stolen, the failure of the indictment to show that the company from which the goods were stolen is a corporation is not a fatal variance, there being no controversy as to the true owner of the property.

APPEAL by defendant from Frizzelle, J., March 21, 1960 Term, of LENOIR.

On 4 January 1960 a warrant issued from the Municipal-County Court of Lenoir charging defendant with receiving, with knowledge that it had been stolen, a Zenith record player, the property of T. A. Turner & Co., Inc., of the value of $99.95. Upon motion of the State for a jury trial, the case was transferred to the Superior Court. At the January Term, 1960, of the Superior Court the grand jury returned a true bill charging defendant with receiving a record player valued at $150, with knowledge that it was the property of T. A. Turner Co., from which it had been stolen. The jury returned a verdict of guilty. Prison sentence of twelve months was imposed. Defendant appealed.

*Attorney General Bruton and Assistant Attorney General Hooper for the State.*
*J. Harvey Turner for defendant, appellant.*

RODMAN, J. Defendant contends his motion to nonsuit should have been allowed since the State offered no evidence tending to show the record player had a value in excess of $100. His argument is based on this reasoning: Knowingly receiving stolen property is a misdemeanor or a felony dependent on the value of the stolen property, G.S. 14-72; the Superior Court is given exclusive jurisdiction when the property has a value in excess of $100, G.S. 14-73; but the Municipal-County Courts created pursuant to G.S. 7-240 have exclusive jurisdiction of all misdemeanors except minor misdemeanors, with respect to which they have concurrent jurisdiction with justices of the peace, G.S. 7-222; this exclusive jurisdiction has not, as to Lenoir County, been modified by the provisions of G.S. 7-64; therefore the solicitor had to elect whether to put defendant on trial for a misdemeanor as charged in the warrant, in which case the value of the stolen property was immaterial, or, to put him on trial for a felony, in which event it was necessary to offer some evidence which in good faith would tend to support the allegation that the stolen property had a value in excess of $100, thereby investing the Superior Court with jurisdiction; and since the evidence for the State at the trial fixed a maximum value of $99.95, there was nothing which would tend to support the charge of a felony necessary to give the Superior Court jurisdiction.

The conclusive answer to the contention which the defendant makes is found in c. 509, S.L. 1945, making it mandatory for the judge of the Municipal-County Court of Lenoir County, upon demand by the State or defendant for a jury trial, to "immediately

transfer such case to the Superior Court of Lenoir County for trial . . ." This statute is constitutional and in effect divested the Municipal-County Court of jurisdiction of criminal offenses otherwise committed to it when a demand was made for jury trial. *S. v. Norman*, 237 N.C. 205, 74 S.E. 2d 602. When the jurisdiction of the Municipal-County Court was thus divested, the Superior Court acquired jurisdiction of the criminal charge of receiving, irrespective of whether the crime so charged was a felony or a misdemeanor. G.S. 7-63. The jurisdiction thus acquired was original and not derivative, and because original, defendant could not there be put on trial until the grand jury had returned a true bill. *S. v. Norman, supra.*

As the Superior Court had jurisdiction irrespective of value, the question of value related only to the *quantum* of punishment which could be imposed. *S. v. Talley*, 200 N.C. 46, 156 S.E. 142; *S. v. Dixon*, 149 N.C. 460. The punishment imposed is within permissive limits. The fact that the property was stolen from T. A. Turner & Co., Inc. rather than from T. A. Turner Co., a corporation, as charged in the bill of indictment, is not a fatal variance. There was no controversy as to who was in fact the true owner of the property. *S. v. Whitley*, 208 N.C. 661, 182 S.E. 338.

The evidence was, we think, sufficient to require submission of defendant's guilt to the jury. Defendant's exceptions to the charge have been examined, but nothing prejudicial to defendant's rights or requiring discussion has been discovered.

No error.