## STATE v. JOHN L. COOPER.

(Filed 28 February, 1962.)

**1. Larceny § 3—**

The larceny of property of the value in excess of $200.00 is a felony; the larceny of property of the value of $200.00 or less, except in those instances enumerated in the statute in which the statute does not apply, is a misdemeanor. G.S. 14-72, as amended.

**2. Receiving Stolen Goods § 1—**

The receiving of stolen goods with the knowledge that they had been stolen is a felony when the value of the property received is in excess of $200.00 and is a misdemeanor when the value of the property is $200.00 or less. G.S. 14-71; G.S. 14-72, as amended.

**3. Same—**

The misdemeanor of larceny is a less degree of the felony of larceny within the meaning of G.S. 15-170.

**4. Larceny § 5—**

Except in those instances where G.S. 14-72, as amended, does not apply, the burden is upon the State to prove beyond a reasonable doubt that the value of the goods exceeded $200.00 in order to convict the defendant of the felony of larceny.

**5. Larceny § 8—**

In a prosecution upon an indictment charging the felony of larceny in those instances where G.S. 14-72, as amended, does not apply, the trial court is required to instruct the jury that the burden is upon the State to prove beyond a reasonable doubt that the value of the goods exceeded $200.00 and that if the jury should find beyond a reasonable doubt that defendant is guilty of larceny but failed to find beyond a reasonable doubt from the evidence that the value of the stolen property exceeded $200.00, the jury should return a verdict of guilty of larceny of property of a value not exceeding $200.00.

**6. Larceny § 1—**

Felonious intent is an essential element of the crime of larceny without regard to the value of the stolen property, the phrase "felonious intent" in the law of larceny not necessarily signifying an intent to commit a felony.

**7. Larceny § 5; Criminal Law § 32—**

Since a defendant's plea of not guilty puts in issue every essential element of the crime charged, a plea of not guilty to an indictment charging the felony of larceny raises the issue of whether the property alleged to have been stolen is of the value charged in the bill of indictment or of any value.

**8. Larceny § 9—**

In a prosecution for the felony of larceny it is not required that the

jury fix the precise value of the stolen property but only whether its value exceeds $200.00.

WINBORNE, C.J., not sitting.

APPEAL by defendant from *Campbell, J.,* October Term 1961 of TRANSYLVANIA.

Defendant was indicted for the larceny on September 25, 1961, of "Brass and Copper fittings, gears, and other objects made of brass and copper, of the value of more than two hundred .................. Dollars, of the goods, chattels and moneys of one Olin Mathieson Chemical Company, Inc." Defendant pleaded not guilty. Upon trial, the jury returned a verdict of "guilty as charged in the bill of indictment," and the court pronounced judgment imposing a prison sentence "of not less than four nor more than six years." Defendant appealed, assigning errors.

*Attorney General Bruton and Assistant Attorney General Jones for the State.*

*Hamlin, Potts, Ramsey & Hudson for defendant appellant.*

BOBBITT, J. Defendant was indicted and convicted of the larceny of property of the value of more than $200.00, a felony. There was ample evidence to support the verdict and the verdict supports the judgment. Evidence offered by the State tended to show the value of the property allegedly stolen by defendant was more than $200.00. Defendant offered no evidence as to the value of such property.

The court *failed* to instruct the jury that (1) one of the elements of the crime "charged in the bill of indictment" was that the stolen property must be of a value in excess of $200.00, and (2) if the value of the property taken did not exceed $200.00, the defendant, if guilty at all, would be guilty only of a misdemeanor. Defendant, based on timely exceptions, assigns as error the court's failure to so charge.

Defendant's said assignments raise questions of frequent recurrence in prosecutions for larceny in our superior courts. Consequently, we deem it appropriate to state what we consider and now hold the correct and applicable rules.

At common law, both grand larceny and petit larceny were felonies. If the value of the goods stolen exceeded twelve pence, the felony was grand larceny, punishable by death. If the value was twelve pence or under, the felony was petit larceny, punishable by whipping or some corporal punishment. 32 Am. Jur., Larceny § 3; 52 C.J.S., Larceny § 60; *S. v. Andrews* (1957), 246 N.C. 561, 566, 99 S.E. 2d 745.

The statute now codified as G.S. 14-70 appears as Section 1075 of

the Code of 1883. It was codified as Section 3500 of the Revisal of 1905 and as Section 4249 of the Consolidated Statutes of 1919. This statute abolished the common law distinctions between grand larceny and petit larceny and provided that the offense of "felonious stealing" was punishable as petit larceny. Hence, it was held that "the common law rule that all persons who participate in petit larceny, whether present or absent, are indictable and punishable as principals is established law in North Carolina." *S. v. Bennett,* 237 N.C. 749, 752, 76 S.E. 2d 42, and cases cited.

The statute now codified as G.S. 14-71 appears as now written, except as noted below, as Section 56, Chapter 34 of the Revised Code of 1854. It was codified as Section 1074 of the Code of 1883, as Section 3507 of the Revisal of 1905 and as Section 4250 of the Consolidated Statutes of 1919. The crime defined in G.S. 14-71 (receiving stolen goods), although punishable as larceny, was until the Act of 1949 (S.L. 1949, Chapter 145), denominated a misdemeanor. By the Act of 1949, the words "criminal offense" were inserted in lieu of the word "misdemeanor."

The statutes now codified as G.S. 14-70 and 14-71 were in full force and effect when the Act of 1895 (Public Laws 1895, Chapter 285) was passed. The Act of 1895 is entitled, "An act to limit the punishment in certain cases of larceny," and provides: "SECTION 1. That in all cases of larceny where the value of the property stolen does not exceed twenty dollars, the punishment shall, for the first offense, not exceed imprisonment in the penitentiary, or common jail, for a longer term than one year. SEC. 2. That if the larceny is from the person, or from the dwelling by breaking and entering in the day time, section one of this act shall have no application. SEC. 3. That in all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen." The provisions of the Act of 1895 were codified, without material change, as Section 3506 of the Revisal of 1905.

In *S. v. Harris* (1896), 119 N.C. 811, 26 S.E. 148, the defendant, upon conviction of larceny from the person, was sentenced to imprisonment for a term of two years. On appeal, the defendant challenged the sentence as unlawful on the ground the value of the property stolen was less than $20.00. In affirming the judgment, it was held the Act of 1895 "does not make it necessary that an indictment for the larceny of a sum less than $20 should charge the taking from the person or from a dwelling-house in the daytime. (Citations)" The opinion of *Avery, J.,* includes the following: "The Superior Court has general jurisdiction of larcenies. The presumption is in favor of its jurisdiction, and where a defendant relies upon the fact that the amount stolen was less than $20, and that the taking was neither from the person nor a dwelling-house, the fact that a sum less than $20 was taken neither

from the person nor a dwelling-house is a matter of defense which it is incumbent on him to show in diminution of the sentence. The consequences of the conviction *of the felony* are in all respects the same, except that the law has given him the opportunity to ask for a smaller punishment when certain facts appear. Where there is a dispute about the value of the thing taken, it is likewise incumbent on the defendant to demand a finding on that subject by the jury." (Our italics)

In *S. v. Davidson* (1899), 124 N.C. 839, 32 S.E. 957, the defendant, upon conviction on an indictment charging the larceny of property of the value of $1.00, was sentenced to four years' imprisonment. It was held that, since the larceny was not from the person or from the dwelling by breaking and entering in the daytime and the alleged value of the property did not exceed $20.00, "it was erroneous to pass sentence of imprisonment for more than one year."

In *S. v. Dixon* (1908), 149 N.C. 460, 62 S.E. 615, the defendant was convicted of receiving stolen property and sentenced to imprisonment for a term of *two* years. In upholding the judgment, *Brown, J.,* said: "It is contended that the court could sentence to no longer term than twelve months, as the value of the property was under $20. We fail to discover any such finding in the record or any evidence to sustain such contention. The property stolen consisted of eighteen hams, eleven shoulders and eight sides of meat, and doubtless the quantity of it deterred the defendant from attempting to prove that the meat was worth no more than $20. However that may be, it was matter of defense, and it was incumbent on defendant to prove its value in diminution of sentence. *S. v. Harris,* 119 N.C. 812."

In *S. v. Shuford* (1910), 152 N.C. 809, 67 S.E. 923, the value of the property did not exceed $20.00. This fact was held immaterial where the larceny was from a dwelling house by breaking and entering in the *nighttime;* and a judgment imposing a prison sentence of three years was upheld.

*In re Holley* (1910), 154 N.C. 163, 69 S.E. 872, was before this Court on *certiorari* to review a judgment entered at a *habeas corpus* hearing. The judgment, which denied the petitioner's application for discharge, was affirmed. The petitioner had been indicted for larceny of property of the value of $10.00 and upon conviction was sentenced to a prison term of five years. In pronouncing judgment, the trial judge found "that the goods stolen were worth between $250 and $300," and that the defendant had been convicted in three other criminal cases, including a case of larceny, at the same term, in which judgment was suspended. Decision was based in part on the proviso in Section 3500 of the Revisal of 1905, the statute now codified as G.S. 14-70. *Hoke, J.* (later *C.J.*), refers to *S. v. Harris, supra,* as holding, *inter alia,* these

propositions: "3. On a trial for larceny in the Superior Court the fact that the amount stolen was less than $20, and that the taking was neither from the person nor a dwelling-house, is a matter of defense which it is incumbent on the defendant to show in diminution of the sentence. 4. Where, in the trial of an indictment for larceny, there is a dispute about the value of a thing taken, it is incumbent on the defendant to demand a finding upon that subject by the jury." The opinion continues: "It will thus appear that the amount or value of the property is not now an essential ingredient of the crime of larceny in this State, nor does the statement of such value in the bill conclude on the question of punishment. It is only a matter in amelioration of the punishment, to be raised and determined at the instance of the defendant and as an issue of fact, and therefore there is no indication on this record and judgment that the sentence was not within the power of the court that imposed it. Apart from this, petit larceny at common law was regarded as infamous and subject to corporal punishment."

In *S. v. Smith* (1911), 157 N.C. 578, 585, 72 S.E. 853, *Walker, J.*, refers to *In re Holley, supra,* and *S. v. Shuford, supra,* as holding "that while the statute graded the punishment of larceny according to the value of the stolen goods, it did not create any new offense, and the value of the property taken was not an essential element of the crime, but the provision was inserted in the statute only for the purpose of ameliorating the punishment, if it is shown on the trial by the defendant, or if it otherwise appears, that the goods are of less value than $20."

Thus, prior to the Act of 1913, discussed below, the larceny of property of any value was a felony; but a defendant was permitted to raise and have determined the issue as to whether the value of the stolen property exceeded $20.00. Upon trial of such issue, it was incumbent on defendant to show the value of the stolen goods did not exceed $20.00 in diminution of the sentence.

The Act of 1913 (Public Laws 1913, Chapter 118) is entitled, "AN ACT TO MAKE UNIFORM THE CRIME OF LARCENY IN THE STATE OF NORTH CAROLINA," and provides: "SECTION 1. That the larceny of and receiving of stolen goods knowing them to be stolen, of the value of not more than twenty dollars, *is hereby declared a misdemeanor,* (our italics) and the punishment therefor shall be in the discretion of the court. If the larceny is from the person or from the dwelling by breaking and entering, this section shall have no application: *Provided,* that this act shall not apply to horse stealing: *Provided, further,* that this act shall have no application to indictments or presentments now pending nor to acts or offenses committed prior

to the ratification of this act. SEC. 2. That the Superior Court of North Carolina shall have exclusive jurisdiction of the trial of all cases of the larceny of or the receiving of stolen goods, knowing them to be stolen, of the value of more than twenty dollars. SEC. 3 That all laws and clauses of laws in conflict with this act are hereby repealed."

The Act of 1913 applies in like manner to the separate criminal offenses of larceny and of receiving stolen goods knowing them to have been stolen. In each instance, where the value of the goods is not more than $20.00, the criminal offense *was declared to be a misdemeanor*. But where the value of the stolen goods is more than $20.00, the criminal offense, as theretofore, was a felony; and, in such case, the superior court has exclusive jurisdiction. Section 1 of the Act of 1913 was codified as C.S. 4251 and Section 2 was codified as C.S. 4252. They are now codified as G.S. 14-72 and G.S. 14-73, respectively. While it would appear the Act of 1913 was complete, it is noted the codifiers brought forward in C.S. 4251 and in G.S. 14-72 Section 3 of the Act of 1895, to wit, "(t)hat in all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen."

In *S. v. Talley* (1930), 200 N.C. 46, 156 S.E. 142, the defendant was convicted of the larceny of potatoes charged in the indictment to be of the value of $40.00. He was sentenced to a prison term of five years. The opinion of *Adams, J.,* after quoting the Act of 1895 and the Act of 1913, continued: "He (defendant) neither testified nor introduced any witnesses. There was evidence tending to support the State's contention that the value of the property was in excess of twenty dollars; there was other evidence from which the jury might have inferred that the value, as the defendant contended, did not exceed this amount. As the value of the property was a matter of defense, it was encumbent upon the defendant to prove its value in diminution of the sentence. (Citing *S. v. Harris, supra,* and *S. v. Dixon, supra*) He was not, however, required to introduce evidence; he could rely for this purpose upon the evidence offered by the State." A new trial was awarded.

It is noted that *S. v. Harris, supra,* and *S. v. Dixon, supra,* were based on the Act of 1895. The *decision* in *S. v. Talley, supra,* was that the trial judge erred in failing to submit for jury determination whether the value of the stolen goods exceeded $20.00. The statement that the value of the property was a matter of defense with the burden on defendant to prove its value in diminution of the sentence, was not necessary to decision.

Whether larceny is a felony or a misdemeanor, under the Act of 1913, C.S. 4251, depended upon whether the value of the stolen goods was more than $20.00. By successive amendments the diacritical amount has been raised (1) to fifty dollars, Public Laws 1941, Chap-

ter 178, (2) to one hundred dollars, S.L. 1949, Chapter 145, and (3) to two hundred dollars, S.L. 1961, Chapter 39. G.S. 14-72 and G.S. 14-73. (Note: The 1961 amendment became effective July 1, 1961, and is applicable to the present case.) It seems probable the General Assembly, in enacting these said amendments, was not motivated by a disposition to protect thieves from the adverse effects of inflation, but to reduce the number of cases (involving felony charges) in the exclusive jurisdiction of the superior court.

It is noted that, by Chapter 1285, S.L. 1959, the General Assembly amended G.S. 14-72 by inserting after the word "dwelling" and before the words "by breaking and entering," these words: "or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be." It seems probable the General Assembly enacted the 1959 amendment to obviate the question considered in *S. v. Andrews, supra;* for, under this amendment, larceny by breaking and entering any building referred to therein is a felony without regard to the value of the stolen property.

In *S. v. Weinstein* (1944), 224 N.C. 645, 31 S.E. 2d 920, 156 A.L.R. 625; *certiorari* denied, 324 U.S. 849, 89 L. Ed. 1410, 65 S. Ct. 689, the defendant was indicted for larceny and for receiving stolen property knowing it to have been stolen. Upon conviction, he was sentenced to a prison term of "not less than three years nor more than five years." The value of the property, as charged in the bill of indictment, was $325.00. The defendant, on appeal, challenged the competency of certain evidence tending to show the value of the stolen property. After holding the evidence competent, the opinion of *Devin, J.* (later *C.J.*), continued: "It was necessary *for the State* to show the value of the property taken or received to be more than $50 in order to establish the commission of a felony under the statute as charged in the bill of indictment, G.S. 14-72, and it was competent for the State to show any circumstance which would throw light on the subject of inquiry." (Our italics) It is noted: (1) The defendant offered no evidence. (2) The jury found the value of the property to be $100.00.

In *S. v. Williams* (1952), 235 N.C. 429, 70 S.E. 2d 1, the defendant was indicted for the larceny of property of the value of $250.00. The jury returned a verdict of "GUILTY OF LARCENY OF PROPERTY OF THE VALUE IN EXCESS OF $50.00." A sentence of eighteen months was imposed. In upholding the verdict and judgment, *Barnhill, J.* (later *C.J.*), said: "A finding that defendant stole property of the value of more than $50 is not a finding that the property had a value of more than $100. G.S. 14-72. Hence, notwithstanding anything the trial judge may have said to the jury in his charge, the defendant

stands convicted of nothing more than a misdemeanor. He has suffered no loss of citizenship." The defendant, although indicted for a felony, was found guilty of a misdemeanor solely on account of the State's failure to establish beyond a reasonable doubt that the value of the stolen property exceeded $100.00.

In *S. v. Hill* (1953), 237 N.C. 764, 75 S.E. 2d 915, the jury returned a verdict of "guilty of receiving as charged in the bill of indictment." The defendant was sentenced to a prison term "of not less than 4 nor more than 7 years." It was held the verdict "necessarily included a finding beyond a reasonable doubt that the defendant knowingly and feloniously received the stolen goods as charged in the bill of indictment," to wit, stolen goods of the value of $210.05. The defendant did not except to the charge for failure of the court to instruct the jury that the burden of proof was on the State to satisfy the jury from the evidence beyond a reasonable doubt that the value of the stolen property exceeded $100.00 before they could find the defendant "guilty of receiving as charged in the bill of indictment." Defendant excepted to the verdict on the ground "no value was fixed on the property alleged to have been stolen." This exception was held "without merit."

In *S. v. Tessnear* (1961), 254 N.C. 211, 118 S.E. 2d 393, the defendant was convicted of receiving stolen property knowing it to have been stolen. The indictment charged the property was "of the value of more than $100.00." The defendant excepted to, and assigned as error, "the failure of the trial Court to instruct the jury that it was incumbent upon the State to prove beyond a reasonable doubt that the goods allegedly received by Max Tessnear were worth more than $100." It was held defendant's said exception was well taken. In awarding a new trial, this Court, in opinion by *Winborne, C.J.,* said: "In the bill of indictment the defendant was charged with a felony, that is, receiving goods of the value of more than one hundred dollars. G.S. 14-71 and G.S. 14-72. In order for the defendant to be found guilty under G.S. 14-71, *it is incumbent upon the State* to prove beyond a reasonable doubt that the value of the goods was more than one hundred dollars. *This is an essential element of the crime* because G.S. 14-72 specifically provides that 'the receiving of stolen goods knowing them to be stolen, of the value of not more than one hundred dollars, is hereby declared a misdemeanor.' " (Our italics)

In some respects, expressions in decisions since the Act of 1913 suggest diversity of opinion. However, these decisions, when considered in the light of the precise questions presented, appear to be in substantial accord with the conclusions stated below.

Under G.S. 14-72, as amended, the larceny of property of the value in excess of $200.00 is a felony. *S. v. Weinstein, supra; S. v. Bennett,*

*supra.* Under G.S. 14-72, as amended, the criminal offense of receiving stolen property, defined in G.S. 14-71, where the value of the property is in excess of $200.00, is a felony. *S. v. Mounce,* 226 N.C. 159, 36 S.E. 2d 918, and cases cited.

Under G.S. 14-72, as amended, the larceny of property of the value of $200.00, or less, is a misdemeanor. However, G.S. 14-72, as amended, does not apply when "the larceny is from the person, or from the dwelling or any storehouse, shop, warehouse, banking house, counting house, or other building where any merchandise, chattel, money, valuable security or other personal property shall be, by breaking and entering," or "to horse stealing." In instances where G.S. 14-72, as amended, does not apply, the larceny, as at common law, is a felony without regard to the value of the stolen property. Under G.S. 14-72, as amended, the criminal offense of receiving stolen property, defined in G.S. 14-71, where the value of the property is $200.00 or less, is a misdemeanor.

Thus, except in those instances where G.S. 14-72, as amended, does not apply, whether a person who commits the crime of larceny is guilty of a felony or guilty of a misdemeanor depends solely upon whether the value of the stolen property exceeds $200.00. *S. v. Weinstein, supra;* also, see *S. v. Davis,* 253 N.C. 224, 116 S.E. 2d 381.

Except in those instances where G.S. 14-72, as amended, does not apply, we are of opinion, and so decide, that to convict of *the felony* of larceny, it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than $200.00; and, this being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury.

Moreover, where a defendant is indicted for the larceny of property of the value of more than $200.00, except in those instances where G.S. 14-72, as amended, does not apply, it is incumbent upon the trial judge to instruct the jury, if they find from the evidence beyond a reasonable doubt that the defendant is guilty of larceny but fail to find from the evidence beyond a reasonable doubt that the value of the stolen property exceeds $200.00, the jury should return a verdict of guilty of larceny of property of a value not exceeding $200.00. The two offenses differ only in respect of one element, namely, the value of the stolen property. Hence, the misdemeanor of larceny is a less degree of the felony of larceny within the meaning of G.S. 15-170. The weight and credibility of the evidence are for jury determination; and it is incumbent upon the State to establish from the evidence beyond a reasonable doubt that the value of the stolen property was in excess of $200.00 before the jury can return a verdict of guilty of the felony of larceny as charged in the bill of indictment. The burden of proof is on the State to prove every element of the crime charged beyond

a reasonable doubt. *S. v. Hardy,* 189 N.C. 799, 804, 128 S.E. 152; *S. v. Alston,* 210 N.C. 258, 260, 186 S.E. 354.

True, "felonious intent" is an essential element of the crime of larceny without regard to the value of the stolen property. The phrase, "felonious intent," originated when both grand larceny and petit larceny were felonies. Now, "felonious intent," in the law of larceny, does not necessarily signify an intent to commit a felony. For definitions of "felonious intent," as an element of the crime of larceny, see *S. v. Powell,* 103 N.C. 424, 9 S.E. 627; *S. v. Kirkland,* 178 N.C. 810, 101 S.E. 560; *S. v. Booker,* 250 N.C. 272, 108 S.E. 2d 426.

We deem it appropriate to refer to the final sentence in G.S. 14-72, to wit: "In all cases of doubt the jury shall, in the verdict, fix the value of the property stolen." As noted above, this sentence was brought forward from the Act of 1895 and, after enactment of the Act of 1913, was codified as the final sentence of C.S. 4251 and of G.S. 14-72.

A plea of not guilty puts in issue *every essential element of the crime charged. S. v. McLamb,* 235 N.C. 251, 256, 69 S.E. 2d 537, and cases cited; 14 Am. Jur., Criminal Law § 268; 22 C.J.S., Criminal Law § 454. In our opinion, and we so decide, when a defendant pleads not guilty to an indictment charging the larceny of property of the value of more than $200.00, this suffices to raise an issue and present a case of doubt as to whether the property alleged to have been stolen is of the value charged in the bill of indictment or of any value.

Moreover, we are of opinion, and so decide, that the quoted (final) sentence of G.S. 14-72 does not require that the jury fix the precise value of the stolen property. The only issue of legal significance is whether the value thereof exceeds $200.00. When the jury is instructed, as indicated above, the verdict necessarily determines whether the value of the stolen property exceeds $200.00.

Here, the court failed to charge that, before the jury could return a verdict of "guilty as charged in the bill of indictment," the State must prove beyond a reasonable doubt that the value of the stolen property exceeded $200.00. This was an essential feature of the case, embraced within the issue raised by defendant's plea of not guilty and arising on the evidence; and the court, although defendant made no request therefor, was required to give such instruction. *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53, and cases cited. Absent such instruction, the verdict did not fix the value of the stolen property as in excess of $200.00. Hence, the judgment imposing a prison sentence permissible only upon conviction of *the felony* of larceny was erroneous and constitutes ground for a new trial.

New trial.

WINBORNE, C.J., not sitting.