STATE v. MARCRA SHAW SUMMERS.

(Filed 15 January, 1965.)

**1. Larceny § 8;   Criminal Law § 109—**

Where the uncontradicted evidence discloses that the amount involved was $400 in money, the State contending the sum was stolen and defendant contending the sum was given to her, the trial court correctly refrains from submitting the question of guilt of larceny of property of the value of $200 or less, since the court is required to charge only the law arising on the evidence. G.S. 1-180.

**2. Criminal Law § 120—**

Where it is apparent from the record that the jury had agreed upon the verdict, subject to clarification as to its form, the court, upon clarifying the question for the jury, may accept the verdict then tendered without requiring further deliberation.

APPEAL by defendant from *Latham, S. J.,* August 1964 Criminal Session of ALAMANCE.

This is a criminal action. Defendant is charged in the indictment with the larceny of $400, the property of Willard Freeland.

Plea: Not guilty. Verdict: "Guilty as charged." Judgment: Imprisonment.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*
*M. Hugh Thompson and William A. Marsh, Jr., for the defendant.*

MOORE, J.  Defendant's appeal raises two questions.

(1)  Did the court err in failing to instruct the jury that they might return a verdict of guilty of larceny of property of a value of $200, or less?

State's evidence tends to show that Willard Freeland withdrew $695 from a bank and loaned defendant $100, thereafter she took $400 from him and refused to return it, and he spent two days and nights with her at her home but she kept the money and it was never recovered. Defendant's evidence tends to show that she and Freeland were lovers, he spent several days at her home and during this time drank heavily, he bought food and liquor and gave her various sums of money as a gift to do with as she pleased, she did not steal any of his money. Defendant testified: "In all Willard gave me $420.00. I used that to pay my bills."

Under G.S. 14-72 the larceny of property of the value in excess of $200 is a felony, and the larceny of property of the value of $200, or less, is a misdemeanor (except in those instances where G.S. 14-72 does not apply, such as larceny from the person, larceny from certain buildings and houses by breaking and entering, and horse stealing). Whether a person who commits the crime of larceny is guilty of a felony or guilty of a misdemeanor depends solely upon the value of the property taken. The misdemeanor of larceny is a less degree of the felony of larceny within the meaning of G.S. 15-170. *State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91.

Defendant relies upon the following statement in the *Cooper* opinion: ". . . where a defendant is indicted for the larceny of property. of the value of more than $200.00, except in those instances where G.S. 14-72, as amended, does not apply, it is incumbent upon the trial judge to instruct the jury, if they find from the evidence beyond a reasonable doubt that the defendant is guilty of larceny but fail to find from the evidence beyond a reasonable doubt that the value of the stolen property exceeds $200, the jury shall return a verdict of guilty of larceny of property of a value not exceeding $200." Further: ". . . when a defendant pleads not guilty to an indictment charging the larceny of property of the value of more than $200.00, this suffices to raise an issue and present a case of doubt as to whether the property alleged to have been stolen is of the value charged in the bill of indictment or of any value." In the instant case the court charged the jury that it could return one of two verdicts, guilty of the larceny of property of a value in excess of $200 or not guilty.

In *Cooper* the defendant was charged with the larceny of goods and chattels, about which there might be a disagreement as to value. As

to such property a jury might draw inferences as to value contrary to the State's uncontradicted evidence. In the instant case the property was money. Money is the standard of value and if the amount is known there can be no disagreement as to value. The State's evidence is that $400 was stolen; defendant testified that she received $420 of defendant's money by gift, that she stole nothing. There is no evidence from which the jury could have found the defendant guilty of larceny of a value of $200 or less. G.S. 1-180 only requires the judge to "declare and explain the law arising on the evidence." The misdemeanor of larceny does not arise here on the evidence. "The trial court is not required to charge the jury upon the question of the defendant's guilt of lesser degrees of the crime charged in the indictment when there is no evidence to sustain a verdict of defendant's guilt of such lesser degrees." 1 Strong: N. C. Index, Criminal Law, § 109, p. 788.

(2) Did the court err in accepting the verdict of the jury under the circumstances of its rendition?

After deliberating for a considerable time, the jury returned to the courtroom and one of the jurors said: "I think we have reached a verdict. There is a question needs to be resolved in the minds of some of the jurors." The juror then stated the question; the court answered in detail. Thereupon, the juror stated: "With that understanding we have reached a verdict, your Honor." The clerk took the verdict immediately.

The court did not commit error in permitting the verdict to be taken without requiring the jury to return to the jury room for further deliberation. From the statement of the foreman a verdict had been agreed upon before the jury returned to the courtroom, subject to a clarification as to the form of the verdict. The judge's explanation made no further deliberation necessary. The defendant could have tested the verdict by having the jury polled.

No error.