## STATE v. DAVID BROWN, JR.

(Filed 4 May, 1966.)

Larceny §§ 8, 9—

Where the indictment charges the larceny of property many times the value of $200 and the evidence amply supports the charge, and there is no evidence to the contrary, it is not necessary for the court to instruct the jury that the burden is on the State to prove the value of the property exceeded $200 in order to render a verdict of guilty of a felony, and it is not required that the jury find that its value was in excess of $200 in order to support sentence.

MOORE, J., not sitting.

BOBBITT, J., dissenting.

SHARP, J., joins in dissenting opinion.

APPEAL by defendant from *Bailey, J.,* September 13, 1965, Regular Criminal Session of WAKE.

The defendant is charged in the bill of indictment with the larceny on 14 March 1965 of a 1961 Chevrolet automobile of the value of $1200.00, the property of House Motors, Inc.

The State's evidence tends to show these facts: That about 11:30 P.M. on 14 March 1965, a Raleigh policeman, John Farmer, was patroling on foot in the vicinity of House Motors, Inc., on West Cabarrus Street in the City of Raleigh; that as he approached the car lot of House Motors, Inc., he noticed an automobile with the engine running; that the car turned in the lot, was driven past him, veered out of control as it exited from the car lot, and struck a utilities pole on the opposite or north side of Cabarrus Street. Immediately after the car struck the pole, the police officer observed a dark skinned male exit from the right side of the automobile and run eastward across a filling station lot toward Fayetteville Street. The officer saw no other person in or about the wrecked car. The officer reported the car as a total loss. The steering wheel was bent and there were two or three pieces of substance in a dent on the steering wheel, which the officer testified in his opinion were parts of a tooth or teeth. The hospitals were notified and requested to report to the police department any person entering the hospital with an injured mouth. The next day the defendant entered one of the local hospitals for treatment of his swollen mouth. He was interviewed by two members of the Raleigh Police Department and confessed to the theft of the car involved and further stated that he did not know what he hit, but as soon as the car hit something he jumped out of the car and ran.

The State's evidence further tended to show the value of the wrecked car was $1250.00; that the insurance adjuster classified the car as a total loss, and the insurance company paid House Motors, Inc., $1250.00 for the damages resulting from the wreck.

The jury returned a verdict of guilty as charged in the bill of indictment.

From a judgment of not less than four nor more than six years, to be assigned to work under the supervision of the State Prison Department, the defendant appeals, assigning error.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Douglas F. DeBank for defendant.*

DENNY, E.J. The defendant assigns as error the failure of the lower court to charge the jury that the State must prove and the jury must find that the defendant took property of a value of greater than $200.00, and that a verdict of guilty of the misdemeanor of larceny was possible should the State fail to prove or the jury fail to find that the value of the stolen property exceeded $200.00.

In the instant case the bill of indictment charged that the 1961 Chevrolet automobile allegedly stolen by the defendant had a value of $1200.00, and the State's evidence tends to show that the car prior to the time it was stolen and wrecked had a value of $1250.00, in that the insurance adjuster classified the wrecked car as a total loss and the insurance company paid House Motors, Inc., the sum of $1250.00 occasioned by the loss. Moreover, there is not a scintilla of evidence to the contrary. The statute, G.S. 14-72 expressly states, "In all cases of doubt the jury shall in its verdict fix the value of the property stolen."

In our opinion the above portion of the statute means exactly what it says, and where all the evidence is to the effect that the stolen property had a value many times in excess of $200.00, and there is no evidence or contention to the contrary, the trial court is under no legal obligation to require the jury to fix the value of the stolen property. Or, to put it another way, the bill upon which the defendant was tried charged the defendant with the larceny of a 1961 Chevrolet automobile of the value of $1200.00 and the evidence amply supports the charge, and there is no evidence to the contrary. Therefore, it would seem to be unnecessary upon such a factual situation to require the jury to find that a 1961 Chevrolet automobile of the value of $1200.00 was worth more than $200.00. *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297.

In our opinion this assignment of error is without merit since the jury returned a verdict of guilty as charged in the bill of indictment.

An examination of the remaining assignments of error discloses no prejudicial error. In the trial below we find

No error.

MOORE, J., not sitting.

BOBBITT, J., dissenting: "Under G.S. 14-72 the larceny of property of the value in excess of $200 is a felony, and the larceny of property of the value of $200, or less, is a misdemeanor (except in those instances where G.S. 14-72 does not apply, such as larceny from the person, larceny from certain buildings and houses by breaking and entering, and horse stealing). Whether a person who commits the crime of larceny is guilty of a felony or guilty of a misdemeanor depends solely upon the value of the property taken. The misdemeanor of larceny is a less degree of the felony of larceny within the meaning of G.S. 15-170." S. v. Summers, 263 N.C. 517, 139 S.E. 2d 627, citing S. v. Cooper, 256 N.C. 372, 124 S.E. 2d 91.

In S. v. Cooper, supra, after full consideration of the statutes and decisions prior and subsequent to the Act of 1913 (Public Laws of 1913, Chapter 118) which, as amended, is now codified as G.S. 14-72, this Court, undertaking to resolve any inconsistencies in prior decisions, decided these propositions:

1. Where neither larceny from the person nor by breaking and entering is involved, an indictment for the felony of larceny must charge, *as an essential element of the crime,* that the value of the stolen goods was more than $200.00.

2. A plea of not guilty to an indictment charging the felony of larceny puts in issue every essential element of the crime and constitutes a denial of the charge that the value of the stolen property was more than $200.00.

3. "(T)o convict of *the felony* of larceny, it is incumbent *upon the State* to prove beyond a reasonable doubt that the value of the stolen property was more than $200.00; and, this being an essential element of the offense, it is incumbent upon the trial judge to so instruct the jury."

The opinion in *S. v. Cooper, supra,* concludes as follows: "Here, the court failed to charge that, before the jury could return a verdict of 'guilty as charged in the bill of indictment,' the State must prove beyond a reasonable doubt that the value of the stolen property exceeded $200.00. This was an essential feature of the case, embraced within the issue raised by defendant's plea of not guilty and

arising on the evidence; and the court, although defendant made no request therefor, was required to give such instruction. *S. v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53, and cases cited. Absent such instruction, the verdict did not fix the value of the stolen property as in excess of $200.00. Hence, the judgment imposing a prison sentence permissible only upon conviction of *the felony* of larceny was erroneous and constitutes ground for a new trial."

The decision in *S. v. Cooper, supra,* was in accord with the decision in *S. v. Tessnear,* 254 N.C. 211, 118 S.E. 2d 393, where the defendant was convicted of receiving stolen property knowing it to have been stolen. The indictment charged the property was "of the value of more than $100.00." (The alleged crime was committed prior to the effective date of Session Laws of 1961, Chapter 39, in which G.S. 14-72 was amended by substituting "two hundred dollars" for "one hundred dollars.") In awarding a new trial for failure of the court to instruct the jury "that before they could convict the defendant of the crime charged, they must find beyond a reasonable doubt that the goods received by the defendant were of the value of more than one hundred dollars," Winborne, C.J., for the Court, said: "In the bill of indictment the defendant was charged with a felony, that is, receiving goods of the value of more than one hundred dollars. G.S. 14-71 and G.S. 14-72. In order for the defendant to be found guilty under G.S. 14-71, it is incumbent upon the State to prove beyond a reasonable doubt that the value of the goods was more than one hundred dollars. This is an essential element of the crime because G.S. 14-72 specifically provides that 'the receiving of stolen goods knowing them to be stolen, of the value of not more than one hundred dollars is hereby declared a misdemeanor.' "

In *S. v. Holloway,* 265 N.C. 581, 144 S.E. 2d 634, this Court quoted with approval from the opinion in *S. v. Cooper, supra,* and applied the principles of law decided and declared therein.

In *S. v. Brown,* 266 N.C. 55, 145 S.E. 2d 297, the defendant was convicted of entering with intent to commit a felony, a violation of G.S. 14-54, as charged in the first count, and of larceny as charged in the second count. In *S. v. Stubbs,* 266 N.C. 274, 145 S.E. 2d 896, the defendant was convicted of breaking and entering with intent to commit a felony, a violation of G.S. 14-54, and of larceny as charged in the second count. I disagreed with the majority opinions only with reference to the second (larceny) count. The majority opinions seem to hold that, with reference to the second (larceny) count in such a two-count bill, if all the evidence tends to show larceny by breaking and entering, a general verdict of guilty as charged establishes that the defendant is guilty *of the felony* of

larceny even though the second count does not allege the larceny was by breaking and entering and even though there is no instruction that the jury must find the larceny was by breaking and entering as prerequisite to a conviction of the felony or larceny. The majority opinions mention, but the Court did not expressly pass upon, the defendant's contention that the trial judge erred in failing to instruct the jury it was incumbent upon the State to prove beyond a reasonable doubt before returning a verdict of guilty of the felony of larceny that the value of the stolen property was more than $200.00.

In *S. v. Fowler*, 266 N.C. 667, 147 S.E. 2d 36, and in *S. v. Ford*, 266 N.C. 743, 147 S.E. 2d 198, the defendant was tried on a two-count bill charging (1) feloniously breaking and entering a certain building and (2) larceny of property of a value less than $200.00. The second (larceny) count did not allege the larceny was committed pursuant to a felonious breaking and entering. It was held a verdict of guilty of larceny as charged would not support a judgment imposing a sentence permissible only upon conviction of the felony of larceny notwithstanding all the evidence tended to show the larceny was accomplished by means of a felonious breaking and entering. See also *S. v. Smith*, 266 N.C. 747, 147 S.E. 2d 165, and *S. v. Davis*, 267 N.C. 126, 147 S.E. 2d 570.

This statement appears in the majority opinion in *S. v. Brown, supra:* "In our opinion, and we so hold, the provisions of G.S. 14-72 apply to the crime of larceny where there is no charge of breaking and entering or breaking or entering involved. In such cases, it is incumbent upon the State to prove beyond a reasonable doubt that the property stolen had a value in excess of $200.00 in order for the punishment to be that provided for a felony. On the other hand, if the value of such property is found to be of the value of not more than $200.00, or less, such larceny is only a misdemeanor and punishable as such."

The present criminal prosecution relates to a single count of larceny, to wit, the alleged larceny of a 1961 Chevrolet of the value of $1,200.00. The only evidence with reference thereto is that the value of the Chevrolet exceeded $200.00. This is the State's evidence. Defendant did not testify. The testimony of the only defense witness related to alibi, not value.

My dissent is not based on the ground that the court should have submitted to the jury whether defendant was guilty of the misdemeanor of larceny, that is, the larceny of property of the value of $200.00 or less. This is required only where the evidence as to value is equivocal or is in conflict. *S. v. Cooper, supra; S. v. Summers, supra.*

The ground of my dissent is simply the elementary proposition that the jury must pass on the credibility of the testimony. Testimony that the value of the car was more than $200.00 merely affords a basis for the jury to so find. In my opinion, it was the duty of the trial judge to instruct the jury that in order to return a verdict of guilty of the felony of larceny (or a verdict of guilty as charged) they must find from the evidence beyond a reasonable doubt that the value of the stolen property was more than $200.00. For error in failing to so instruct the jury, I vote for a new trial.

Conceding it is improbable the jury would have returned a different verdict if the court had given the instruction I deem essential to a proper charge, I much prefer an occasional new trial on account of inadvertence of the trial judge in this respect to the erosion of sound legal principles.

SHARP, J., joins in this dissenting opinion.