STATE OF NORTH CAROLINA v. DONALD RAY WILLIAMS
No. 68SC77

(Filed 14 August 1968)

**1. Burglary and Unlawful Breakings § 5— felonious breaking — sufficiency of evidence**

There is sufficient evidence to be submitted to the jury on the issue of defendant's guilt of felonious breaking and entering with intent to commit a felony, where police officers testified that as they approached a supermarket at night they observed the defendant knocking out a large plate glass window by means of a buckled belt wrapped around his hands, that the defendant then reached inside the window where gloves were on display therein, and that a pair of gloves was subsequently found on the sidewalk outside the store.

**2. Burglary and Unlawful Breakings § 7— felonious breaking — instruction on less degree of crime**

In a prosecution for felonious breaking and entering, failure of the court to submit the issue of defendant's guilt of non-felonious breaking and entering is not error where the State's evidence is to the effect that defendant broke a store window and removed a pair of gloves on display and the defendant's evidence is to the effect that defendant accidentally broke the window, since, if defendant's evidence be accepted as true, he would not be guilty of any crime.

APPEAL by defendant from *Armstrong, J.,* at the 13 November 1967 Criminal Term of FORSYTH Superior Court.

Defendant was tried on a bill of indictment, proper in form, charging him with the crime of feloniously breaking and entering a certain storehouse occupied by one Roy H. Minor t/a Minor's Market in Winston-Salem, N. C., "with intent to steal, take and carry away the merchandise" of the said Roy H. Minor t/a Minor's Market. He pleaded not guilty. The State offered the evidence of a police officer of the Winston-Salem Police Department, who testified that at approximately 8:15 p.m. on Friday night 3 November 1967 he, together with two other police officers, was driving in a police car on 8th Avenue approaching the intersection of Cameron Avenue, where Minor's Market is located. At the front of Minor's Market there were two large plate glass windows with a door between them. As the officers drove up, they observed the defendant and two other persons at the front of the market. The defendant had a large black leather belt wrapped around his hand, with a large buckle from the belt extending outward. He was swinging at the plate glass window with the belt and buckle, and knocked out one of the large plate glass windows. The officers observed him standing facing the store window and reaching in. Gloves were on display on a rack inside the window. The officers found a pair of gloves lying on the cement sidewalk outside of the window. The officers observed two other persons approximately eight or ten feet away from defendant, who ran when the officers approached. The officers jumped from the police car and arrested defendant. The other window at the front of Minor's Market was also broken.

The State also offered the evidence of Roy H. Minor, who testified: He was the operator of Minor's Market; he had closed the business at about 6:00 p.m. on 3 November 1967; when he returned the following morning both front windows, which were approximately six by eight feet in size, had been broken out; he kept merchandise in the store; he had gloves on display in the window and the gloves could be reached by a person standing outside the building and reaching through the broken glass. He further testified that he did not know the defendant and had never given him permission to go into the building at any time. At the close of the State's evidence the defendant moved for judgment of nonsuit, which was denied.

The defendant then took the stand and testified: On the night in question he had been to visit a friend and was walking along Cameron Avenue; when he got to the store building he observed two

boys come around the side of the building, one of whom had a large rock in his hand which he threw through the window; the other boy kicked the window; the two boys then grabbed him from behind and took $42.00 out of his pocket; the only thing defendant had to defend himself with was the big buckled belt and he was trying to defend himself against the two boys when the officers drove up. Defendant also testified that: The first time he saw the officers was when they jumped out of the car; he was swinging at the two boys when he hit the glass window with his belt buckle; and the glass did not shatter when he hit it, but was already broken. At the conclusion of all of the evidence defendant again moved for nonsuit, which motion was also denied.

The jury found the defendant guilty as charged. From judgment imposed thereon sentencing defendant to prison, defendant appeals.

*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General, for the State.*

*Clyde C. Randolph for defendant appellant.*

PARKER, J.

[1]    The State's evidence was amply sufficient to submit to the jury the issue of defendant's guilt of the crime with which he was charged. There was direct eyewitness testimony from which the jury could find defendant guilty of all elements of the crime of breaking and entering with intent to commit a felony. There was, therefore, no error in overruling defendant's motions for nonsuit.

[2]    Defendant further assigns as error that the trial court instructed the jury that they might return either of two verdicts, namely: Guilty as charged in the bill of indictment, or not guilty; and that the court failed to instruct the jury that it might return a verdict of guilty of the misdemeanor of non-felonious breaking and entering.

G.S. 15-170 provides:

"Upon the trial of any indictment the prisoner may be convicted of the crime charged therein or of a less degree of the same crime, or of an attempt to commit the crime so charged, or of an attempt to commit a less degree of the same crime."

In *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27, Justice Bobbitt, writing for the Court, stated:

"G.S. 14-54, as amended, defines a felony and defines a misdemeanor. The unlawful breaking or entering of a building de-

scribed in this statute is an essential element of both offenses. The distinction rests solely on whether the unlawful breaking or entering is done 'with intent to commit a felony or other infamous crime therein.' Hence, the misdemeanor must be considered 'a less degree of the same crime,' an included offense, within the meaning of G.S. 15-170.

" 'The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor.' *S. v. Hicks,* 241 N.C. 156, 159, 84 S.E. 2d 545. *Cf. S. v. Summers,* 263 N.C. 517, 139 S.E. 2d 627."

In the present case there was no evidence from which the jury could find defendant guilty of the lesser crime of non-felonious breaking and entering. He admitted striking the window glass with his belt buckle but his own testimony, if accepted as true, would not support a finding that his act in striking the window had been "wrongfully done without intent to commit a felony or other infamous crime," which would have made him guilty of a misdemeanor under G.S. 14-54 as amended. On the contrary, he testified that he struck the window glass only accidentally and while engaged in defending himself. If this testimony should be accepted as true, defendant would not have been guilty of any crime. The court properly submitted to the jury the issue of defendant's guilt or innocence of the crime with which he was charged, and there was no error in failing to submit as a possible verdict his guilt of a lesser degree of that crime.

We have carefully examined defendant's remaining assignments of error and find them to be without merit. In the entire trial we find

No error.

MALLARD, C.J., and BROCK, J., concur.