ERNEST ELSEVIER v. GANN MACHINE SHOP, INC.,
AND J. R. GANN, INDIVIDUALLY

No. 7014DC535

(Filed 21 October 1970)

1. Appeal and Error § 31— review of the charge — failure to make exceptions

When no exception is taken to the charge and it is not contained in the record on appeal, it is presumed that the court correctly instructed the jury on every principle of law applicable to the facts.

2. Evidence § 45— action for services rendered — value of services — admissibility of opinion evidence

In an action by a professional engineer to recover $4,000 allegedly due him for services rendered to the individual defendants in the preparation and construction of their industrial building, there was no error in the exclusion of one defendant's opinion testimony as to the value of the services performed by the professional engineer, where (1) the defendant admitted in his answer that he had assured the plaintiff that his bill for services rendered would be paid and (2) the defendant failed to show that he had any knowledge gained from experience or observation on which to base an opinion as to the value of the services.

APPEAL by defendants from *Lee, District Court Judge,* 19 March 1970 Session of District Court held in DURHAM County.

Plaintiff's action was for the recovery of $4,000 alleged to be the balance due him for professional engineering services rendered defendants in the preparation of plans and specifications for the construction of a new industrial building and in the construction thereof.

Defendants by their answer denied owing plaintiff any sum. However, paragraph nine of the original complaint reads:

"9.  That thereafter, the plaintiff, in the month of October of 1966, went to the office of the defendant corporation and there had a discussion with certain officers and agents of the defendant corporation, who acknowledged the receipt of the plaintiff's statement for services rendered and assured the plaintiff that this would be paid and that the plaintiff would start receiving a One Thousand Dollars ($1,000.00) check commencing in February of 1967 and a check each month thereafter in the amount of One Thousand Dollars ($1,000.00) until the full Six Thousand Dollars ($6,000.00) was paid."

After the defendant Gann Machine Shop, Inc. (corporate defendant), answered the original complaint denying that it owed the plaintiff any sum, J. R. Gann (individual defendant) was made an additional party defendant, and without objection, on 6 August 1969 the complaint was amended. Paragraph nine was amended by adding thereto the following:

"That the said J. R. Gann, individually, assured the plaintiff that the plaintiff's bill for services rendered in the amount of Six Thousand Dollars ($6,000.00) would be paid and that the plaintiff would receive One Thousand Dollars ($1,000.00) per month beginning in February of 1967 and a like payment each month thereafter until the total amount was paid."

On 29 September 1969 the individual defendant answered paragraph nine of the amended complaint as follows:

"(9)  The allegations contained in Paragraph 9 of the Amended Complaint are admitted."

Plaintiff's evidence tended to show that he is a registered professional engineer; that in 1966 he designed a new machine

shop building for the defendants; that the building was a 25,000-square-foot building, and the individual defendant told the plaintiff it would cost from $200,000 to $250,000 to construct it; that he spent from three hundred to three hundred and fifty hours in preparing the design; that the building was completed toward the end of the summer of 1966; that the individual defendant is the president of the corporate defendant; that in late August or September 1966 plaintiff sent defendants a bill for $6,000 which was a fair and reasonable amount for the services rendered; that the individual defendant told plaintiff in October 1966 that he had over-extended himself but promised to pay him the $6,000 at the rate of $1,000 per month until the entire amount was paid; that nothing was paid until October 1967 when the individual defendant paid him $1,000 and paid him another thousand dollars in November 1967; that in March 1968 the individual defendant informed him that he was not going to pay the remaining $4,000; and that the defendants are indebted to him in the sum of $4,000.

Defendants offered the individual defendant as a witness, and he testified on direct examination:

"I did consult with Mr. Elsevier and he never told me what fee he would charge for planning a new building. I have built some buildings and a motel of precast concrete construction and am familiar with services performed by Mr. Elsevier. We used a precast concrete roof designed by N. C. Products in Raleigh. The cost of the building was approximately $132,000.00. N. C. Products prepared all of the plans for the precast concrete roof and columns and installed them."

The testimony of the defendants' witnesses Eugene D. Johnson (Johnson) and Thomas Kelley tended to show that when plaintiff was first contacted, no discussion was had concerning his fee and that the actual cost of the building was $132,150.99.

From a jury verdict and judgment entered thereon that the plaintiff recover of the defendants the sum of $4,000, the defendants appealed.

*Arthur Vann for plaintiff appellee.*

*Lillard H. Mount, Richard M. Hutson II, and Edwin K. Walker, Jr., for defendants appellants.*

MALLARD, Chief Judge.

[1] The charge of the court is not included in the record on appeal. It was stipulated by counsel that it be omitted. When no exception is taken to the charge and it is not contained in the record on appeal, it is presumed that the court correctly instructed the jury on every principle of law applicable to the facts. *Long v. Honeycutt,* 268 N.C. 33, 149 S.E. 2d 579 (1966) ; *State v. Hines,* 266 N.C. 1, 145 S.E. 2d 363 (1965).

[2] The only question presented by this appeal is whether the trial court committed error in failing to allow the defendants' witnesses Gann and Johnson to give their opinion as to the value of the services performed by the plaintiff. It is not clear whether the questions were asked during the trial or after the jury verdict. The questions objected to and the answers appear for the only time in the record on appeal after the judgment and appeal entries appear. The record does not show that either question was propounded to the witness while he was testifying before the jury.

The general rule with respect to opinion evidence relating to the value of services rendered is stated in Stansbury, N. C. Evidence 2d, § 128, as follows:

"A witness who has knowledge of value gained from experience, information and observation may give his opinion of the value of specific real property, personal property, or services. The impossibility of adequately describing the thing to be valued furnishes sufficient reason for admitting value testimony, hence it is not necessary that the witness be an expert; it is enough that he is familiar with the thing upon which he professes to put a value and has such knowledge and experience as to enable him intelligently to place a value on it. * * * "

The witness Gann did not testify that he had an opinion as to the value of the services performed by plaintiff. It was not error to exclude his answer from consideration by the jury.

The witness Johnson testified that he had previously helped build buildings and that he was familiar with the services performed by the plaintiff, but he did not testify what part he had previously taken in helping build buildings. There is nothing in the record to indicate that he had any experience with the preparation of plans and specifications or that he was familiar with the value of the services of one who prepares plans and

specifications. However, on cross-examination, he revealed his inexperience in the building trade, at least in the City of Durham, by testifying that he did not know until he applied for a building permit that he could not obtain one in the City of Durham without plans and specifications to present to the building inspector. In addition, after stating that he had an opinion as to the value of the services rendered by the plaintiff, he replied that the value was $1,500 and then added: "We paid $2,000.00 too much." This answer served to confuse his testimony. All the evidence tended to show that plaintiff had been paid only $2,000 for his services. If plaintiff had been paid $2,000 *too much,* this would indicate that the services were worth $500 less than nothing and would contradict the first part of Johnson's answer that the services were worth $1,500.

The corporate defendant did not answer paragraph nine of the amended complaint and did not object to the submission of the issue of the amount of the indebtedness, which was the only issue submitted to the jury.

The individual defendant admitted in his answer that he had approved the finished plans and design of the new building submitted by plaintiff. The individual defendant also admitted in his answer to paragraph nine of the amended complaint that he had assured the plaintiff that the plaintiff's bill for services rendered in the amount of $6,000 would be paid. We do not think that the question of the reasonable value of the services rendered by plaintiff arose at the trial, insofar as the individual defendant is concerned. The only question for determination by the jury as to the individual defendant was whether he had paid what he admitted he promised to pay.

Ordinarily, discrepancies in the testimony of a witness are to be resolved by the jury. However, the evidence in this case does not reveal that the witness Johnson had any knowledge gained from experience, information or observation concerning the value of services of a professional engineer for preparing plans and specifications for construction of a new industrial building. When the circumstances in this case are tested by the rule that the burden is on the appellant to show prejudicial error, we do not think that the exclusion from the consideration of the jury of the expressed opinion of the witness Johnson as to the value of plaintiff's services was prejudicial in this case.

In trial we find no prejudicial error.

Judges BROCK and HEDRICK concur.