STATE OF NORTH CAROLINA v. GRACIE JEFFERIES

STATE OF NORTH CAROLINA v. CLINTES E. PERSON

No. 799SC46

(Filed 1 May 1979)

1. **Criminal Law § 92.1— two defendants—same crimes—consolidation proper**

Charges against two defendants were properly joined for trial under G.S. 15A-926(b) where each defendant was charged with thefts which apparently occurred in the same general area and during the same time span; the goods were all discovered in one defendant's vehicle in which the other defendant was also riding on the afternoon of the thefts; the defendants were seen together earlier in the afternoon of the same day at all three of the stores which were subsequently discovered to have been victims of shoplifting; and evidence admitted against one defendant was admissible against the other defendant and their defenses were not antagonistic.

2. **Searches and Seizures § 18— warrantless search of vehicle—consent given by owner—probable cause**

A warrantless search of one defendant's vehicle was constitutional where defendant, as the registered owner and person in control of the vehicle, consented to the search, and where the officer conducting the search had probable cause to believe that the vehicle contained stolen merchandise.

3. **Larceny § 9— felonious larceny—value of property not stated in verdict**

Where all of the evidence tended to show that merchandise stolen by defendants was valued at over $200, the jury was not required by G.S. 15A-1237(a) to state in their verdict the value of the stolen property.

4. **Larceny § 7.8— merchandise taken from stores—sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for felonious larceny where it tended to show that defendants were observed together in stores from which it was subsequently discovered that goods worth more than $200 had been taken and the stolen merchandise was found later that same day in the car of one defendant, who was driving, and in which the second defendant was a passenger.

APPEAL by defendants from *Hobgood, Judge.* Judgments entered 7 September 1978 in Superior Court, PERSON County. Heard in the Court of Appeals 5 April 1979.

Each defendant was charged in separate bills of indictment with felonious larceny of record albums from the Rose's store of Roxboro. Each defendant was also charged in separate warrants with misdemeanor larceny of 15 pairs of socks and two pairs of shoes from the Super Dollar store of Roxboro. Defendant Jefferies was additionally charged with the misdemeanor larceny of a radio from Western Auto store of Roxboro. Upon pleas of not guilty, the State offered evidence tending to show the following:

On 6 May 1978 the defendants were observed at the Super Dollar store in Roxboro by the manager, Sally Hall. The defendants were assisted at the shoe department and left shortly thereafter paying for a $.57 paint brush. Defendant Person carried a nylon jacket in such a way as to suggest that something was under the jacket. Sally Hall followed the defendants out of the store and called the police from a shop near their car. It was subsequently determined that socks and shoes were missing from the store.

On the same day, the defendants were observed at the Western Auto store in Roxboro by Macy Evans, the owner of the store. A radio was subsequently determined to be missing.

Callie Watson, an employee of the Rose's store in charge of the verification procedure for all incoming record albums, saw the allegedly stolen albums first on 5 May 1978. He last saw them in the store on 6 May 1978 at approximately 10:30 a.m. The value of the albums was between $430 and $450.

On the afternoon of 6 May 1978, Sergeant Brann of the Roxboro Police Department conducted a search of defendant Person's vehicle. Defendant Person was the driver of the vehicle and defendant Jefferies was in the passenger seat. Steven Mann and Charles Blackwell were seated in the rear section of the vehicle. Sergeant Brann indicated to defendant Person that he was suspected of shoplifting and then asked the defendant Person if he could search the car. Defendant Person took the key from the ignition and opened the trunk. Inside the trunk, tools, thought to be burglary tools, and hypodermic syringes were discovered. In-

side the car the following items were discovered: several pairs of pants, a bag containing a paint brush from Super Dollar store, three pairs of tennis shoes (one pair appearing to be new), 15 pairs of socks, hypodermic syringes, a carton opener with a razor blade in it, a carton of record albums bearing a sticker addressed to the Rose's store of Roxboro, and a radio. Also found was a receipt from Super Dollar store for a $.59 paint brush and another receipt which was "an old receipt" that "had no bearing on the case." The car was subsequently taken to the police station and searched again, revealing more tools, "rolling paper" and a pipe.

Upon motion of the district attorney, and over defendants' objection, the cases against the defendants were consolidated for trial.

Defendants made a pretrial motion to suppress the evidence discovered as a result of the vehicular search. Their motion was overruled, the court finding that the search was with the consent of the owner of the car, and even if there were no consent, the search was lawful as based on probable cause.

Defendants offered evidence tending to show the following:

Charles Blackwell accompanied the defendants to Roxboro on 6 May 1978 from Durham. He testified that he stole the radio from Western Auto store, the socks and shoes from the Super Dollar store and the record albums from the Rose's store. He further testified that he was "not trying to take the rap" but "telling the truth of what happened."

The jury found the defendants guilty on all charges. From judgments imposing active sentences, defendants appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Dennis P. Myers, for the State.*

*Ramsey, Hubbard & Galloway, by Mark Galloway, for defendant appellants.*

CARLTON, Judge.

[1]    The defendants first assign as error the consolidation of the various charges against the defendants and the joinder of the defendants for trial. We find no error in the trial court's determination that such consolidation and joinder were proper.

G.S. 15A-926(a) authorizes the joinder of offenses for trial "when the offenses . . . are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." G.S. 15A-926(b) authorizes joinder of defendants for trial as follows:

(2) Upon written motion of the prosecutor, charges against two or more defendants may be joined for trial:

(a) When each of the defendants is charged with accountability for each offense; or

(b) When, even if all of the defendants are not charged with accountability for each offense, the several offenses charged:

1. Were part of a common scheme or plan; or

2. Were part of the same act or transaction; or

3. Were so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.

The consolidation of the charges against the defendants was proper in this case as each defendant was charged with thefts which apparently occurred in the same general area and during the same time span. The goods were all discovered in defendant Person's vehicle in which defendant Jefferies was also riding on the afternoon of 6 May 1978. Defendant Jefferies was seen with defendant Person earlier in the afternoon of the same day at all three of the stores which were subsequently discovered to have been victims of shoplifting. The offenses were obviously "connected together" and part of a "single scheme or plan."

Evidence admitted against defendant Person was admissible against defendant Jefferies and their defenses were not antagonistic. Consolidation of cases for trial is generally proper when the offenses charged are of the same class and are so connected in time and place that evidence at trial upon one indictment would be competent and admissible on the other. *See State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977); *State v. Phifer*, 290 N.C. 203, 225 S.E. 2d 786 (1976), *cert. denied*, 429 U.S. 1123, 97 S.Ct. 1160, 51 L.Ed. 2d 573 (1977). The question of consolidation of charges is left to the discretion of the trial judge. *See State v.*

*Greene,* 34 N.C. App. 149, 237 S.E. 2d 325 (1977), *aff'd,* 294 N.C. 418, 241 S.E. 2d 662 (1978). There has been no showing that the defendants were denied a fair trial as a result of the joinder. Therefore, the exercise of the court's discretion will not be disturbed on appeal. *State v. Smith, supra.*

Defendants were properly joined for trial under the provisions of G.S. 15A-926(b). Both defendants were charged with accountability for the two offenses of felonious larceny of the record albums and misdemeanor larceny of the socks and shoes. Furthermore, regardless of the fact that only defendant Jefferies was charged with misdemeanor larceny of the radio, the offenses charged were obviously part of "a common scheme or plan" and proof of one charge would be difficult to separate from proof of the others. For the reasons stated, we find that defendants were properly joined for trial and have shown no prejudice resulting therefrom.

[2] Defendants next assign as error the denial of their motion to suppress the introduction of evidence which resulted from the search of defendant Person's vehicle. Defendants contend that the vehicular search was illegal as an unreasonable search. We do not agree.

Either one of the two theories relied upon by the trial court would uphold the constitutionality of this vehicular search, *i.e.,* defendant Person, as the registered owner and person in control of the vehicle, consented to the search, and probable cause existed for Sergeant Brann's warrantless search. We find the search proper under both theories.

A warrantless search of a vehicle is justified where the officer has probable cause to believe that the search will reveal evidence pertaining to the crime. *See State v. Ratliff,* 281 N.C. 397, 189 S.E. 2d 179 (1972). Sergeant Brann received information from his dispatcher concerning a vehicle believed to contain stolen merchandise. The license number of the vehicle was provided as was the name of the registered owner. The trial court, in this case, conducted a *voir dire* to determine the admissibility of evidence obtained from this search. The trial court found that Sergeant Brann had probable cause for the warrantless search of defendant Person's vehicle. The evidence from the record supports this finding of probable cause.

Furthermore, the trial court found that the defendant Person consented to the search pursuant to G.S. 15A-221 and G.S. 15A-222. The testimony of Sergeant Brann supports the trial court's finding: "Then I asked if he would mind if I checked the car. He said that I would not find anything. Mr. Person got the key from the ignition and opened the trunk." Defendant Person was the registered owner of the vehicle and was also in apparent control of the vehicle at the time of the search. Evidence obtained pursuant to the search of an automobile with the permission of the one in possession is competent against him and the occupants. *See State v. Faison,* 17 N.C. App. 200, 193 S.E. 2d 334 (1972).

We hold that the search of defendant Person's vehicle was conducted in accordance with constitutionally-recognized principles of both a search based on probable cause or a search conducted pursuant to consent by the owner of the vehicle. Evidence obtained as a result of this search was therefore admissible at the trial of the defendants.

[3] Defendants also assign as error the failure of the felonious larceny verdicts returned by the jury to establish the value of the record albums as exceeding $200. We disagree.

The two relevant statutes are G.S. 14-72(a) and G.S. 15A-1237(a). G.S. 14-72(a) addresses misdemeanor larceny, but contains a *proviso* that "[i]n all cases of doubt the jury shall, in the verdict, fix the value of the property stolen." G.S. 15A-1237(a) provides in part that verdicts in criminal cases should be in writing, signed by the foreman and be included in the record.

G.S. 15A-1237(a) does not require that a verdict in a felonious larceny case establish the value of the allegedly stolen property as defendants contend. Furthermore, defendants concede that the trial judge in the case *sub judice* properly instructed the jury that they must believe the value of the property exceeded $200 in order to return a verdict of guilty of felonious larceny.

G.S. 14-72(a) was interpreted in *State v. Brown,* 267 N.C. 189, 147 S.E. 2d 916 (1966). In that case, the indictment charged the larceny of property over $200, the evidence adduced at trial amply supported the charge and there was no evidence to the contrary. Our Supreme Court held that under those circumstances it was not required that the jury find that the value of the property was in excess of $200 in the verdict.

State v. Jefferies and State v. Person

In the instant case, both indictments returned against the defendants for larceny of the record albums placed the value at over $200. The testimony of State's witness Watson indicated that the value of the albums was "between $430 and $450." No evidence was offered to the contrary by the defendants. We hold that the verdicts support the respective sentences imposed.

[4] Defendants' final assignment of error is that the trial court erred in failing to grant their motions for involuntary dismissal made at the close of State's evidence and again at the close of all the evidence. We treat defendants' motions for dismissal as motions for judgment of nonsuit. *State v. Stewart*, 292 N.C. 219, 232 S.E. 2d 443 (1977).

Defendants' motion, made at the close of the State's evidence, cannot be considered on this appeal as defendants subsequently introduced evidence thereby waiving their right to except on appeal to the denial of their motion. *See State v. Logan*, 25 N.C. App. 49, 212 S.E. 2d 236 (1975); *State v. Rigsbee*, 285 N.C. 708, 208 S.E. 2d 656 (1974). Defendants' later exception to the denial of their motion made at the close of all the evidence, however, draws into question the sufficiency of all the evidence to go to the jury. *State v. McWilliams*, 277 N.C. 680, 178 S.E. 2d 476 (1971).

Viewing the evidence in the light most favorable to the State, we find that there is overwhelming evidence that the offenses charged have been committed and that defendants committed the offenses. Defendants' motion to nonsuit at the close of all the evidence was therefore properly overruled. *See State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); *State v. McKenna*, 289 N.C. 668, 224 S.E. 2d 537 (1976); 4 Strong, N.C. Index 3d, Criminal Law, § 106, p. 547.

We have reviewed defendants' remaining assignments of error and find that they are without merit. The defendants received a fair trial, free from prejudicial error.

No error.

Judges PARKER and HEDRICK concur.