STATE OF NORTH CAROLINA v. JERRY LOWE, ALIAS TERRY WAYNE LOWE

No. 8216SC404

(Filed 1 February 1983)

**1. Criminal Law § 99.9— questions by trial court—no expression of opinion**

The trial judge in a breaking or entering and larceny prosecution did not express an opinion on the evidence in asking the victim to state her opinion as to the value of her stolen television set or in asking the victim whether she had given anyone permission to break into or enter her home or to take her televi-

sion set, since a judge may ask questions which elicit testimony proving an element of the State's case so long as he does not comment on the strength of the evidence or the credibility of the witness.

**2. Larceny § 7.1— lack of consent by victim—intent to permanently deprive victim of property**

In a prosecution for larceny of a television set, the evidence was sufficient for the jury to find a lack of consent on the part of the victim to defendant's taking of her television set and that defendant intended to deprive the victim permanently of the television set where the victim properly testified that she did not consent to defendant's taking of her television set, and where other evidence tended to show that defendant was in a group of two or more men who went into the victim's house and removed the television set to the woods behind her house, and that defendant fled from the scene when the victim's friends came to her house.

**3. Larceny § 9— felonious larceny—value of stolen property—no special finding by jury**

Where the indictment charged that the value of stolen property was more than $400.00, and the only evidence of value was that the stolen property was worth $800.00, it was not necessary for the jury to make a special finding in its verdict that the property was worth more than $400.00 in order to return a verdict finding defendant guilty of felonious larceny.

APPEAL by defendant from *Britt (Samuel E.), Judge.* Judgment entered 3 December 1981 in Superior Court, ROBESON County. Heard in the Court of Appeals 20 October 1982.

The defendant was tried for felonious breaking or entering and felonious larceny. Virginia Barbour testified for the State that she lived in the Lumber Bridge area of Robeson County. She was in an automobile with her daughter on 10 February 1981 when she saw two men standing at her front door. She and her daughter drove back and forth in front of the house. She testified further, "All of a sudden one disappeared, and at that point, I got suspicious for sure . . . ." She then drove to the home of her uncle to tell him what had happened.

The State's evidence further showed that several of Mrs. Barbour's neighbors went to her house where they saw two men fleeing across a field behind her house. Mrs. Barbour's television set was missing from her house. The defendant and Richard Cabey were apprehended short distances from Mrs. Barbour's house by the neighbors and sheriff's deputies, who had come to the scene. The television set was found in the woods behind Mrs. Barbour's house.

Richard Cabey testified for the State that he and the defendant were riding from Red Springs to Fayetteville with two peo-

ple, one of whom he knew. The driver of the automobile stopped in the driveway of Virginia Barbour's home. The driver and one other person left the automobile while the defendant and Richard Cabey remained in the back seat. The two men who left the automobile went to the back of the house and returned a few minutes later, at which time they summoned the defendant and Richard Cabey to follow them. The four men went to the rear of the house where the back door was open and glass from the back door was scattered on the ground. The defendant remained in the backyard while the three other men went into the house and moved a television set to a position in the doorway. Cabey testified that one of the men said, "We been spotted. Let's go." The defendant helped one of the other men move the television set out of the doorway and all four of them fled from the scene. Cabey and the defendant were apprehended a short time later.

The jury found the defendant not guilty of felonious breaking or entering and guilty of felonious larceny. The defendant appealed from the imposition of a prison sentence.

*Attorney General Edmisten, by Assistant Attorney General David Roy Blackwell, for the State.*

*Rogers and Bodenheimer, by Hubert N. Rogers, III, for defendant appellant.*

WEBB, Judge.

[1] In his first assignment of error the defendant contends the court expressed an opinion on the evidence by questions put to Mrs. Barbour, the witness. During the trial the following colloquy occurred:

"COURT: Do you have an opinion satisfactory to yourself as to the value of the T.V.?

WITNESS: I'm satisfied.

COURT: Yes, Ma'am. What is your opinion of its value?

WITNESS: It's value?

COURT: Yes, Ma'am.

WITNESS: Yes, sir. $800.

COURT: Does that include the rabbit ears?

WITNESS: Yes, sir.

*    *    *

COURT: Did you give any one [sic] permission to enter your house on that day?

WITNESS: No, sir.

*    *    *

COURT: You give anyone permission to break your door or enter your house?

COURT: Give anyone permission to take your T.V. set or rabbit ears from your room?

WITNESS: No, sir."

Mrs. Barbour's testimony in response to the judge's questions was the only evidence as to the value of the television set.

The defendant argues that by this colloquy the judge commented on the evidence in violation of G.S. 15A-1222. A judge may not by his questions to a witness intimate an opinion as to whether any fact essential to the State's case has been proved. *See State v. Hudson,* 295 N.C. 427, 245 S.E. 2d 686 (1978). A judge may ask questions, however, that elicit testimony which proves an element of the State's case so long as he does not comment on the strength of the evidence or the credibility of the witness. *State v. Stanfield,* 19 N.C. App. 622, 199 S.E. 2d 741 (1973). We believe the questions by Judge Britt were neutral, which, depending upon the answer, would benefit either the State or the defendant.

Although he did not make it a part of the assignment of error, the defendant argues under this assignment of error that at other times the court, by its questions, commented on the evidence. As we read these questions the court did not intimate any opinion as to whether a fact had been proved. They served to clarify the testimony of the witnesses. *See State v. Fuller,* 48 N.C. App. 418, 268 S.E. 2d 879, *cert. denied,* 301 N.C. 403, 273 S.E. 2d 448 (1980). The defendant's first assignment of error is overruled.

[2] In his second assignment of error the defendant argues that his motion to dismiss the charge of larceny should have been al-

lowed. He contends there was not sufficient evidence to submit to the jury the lack of consent on the part of Mrs. Barbour to his taking the set or that he intended to deprive Mrs. Barbour permanently of the television set. He argues that the testimony that Mrs. Barbour did not consent to his taking was improperly admitted and without this testimony there was not sufficient evidence that she did not consent. Assuming this was the only evidence of Mrs. Barbour's lack of consent, we have held it was not error to admit it. If it had been erroneously admitted, the motion to dismiss should not have been allowed. On a motion to dismiss all evidence favorable to the State must be considered whether it is or is not properly admitted. *See State v. Shaw*, 293 N.C. 616, 239 S.E. 2d 439 (1977).

As to the defendant's argument that there was not sufficient evidence that he intended to deprive Mrs. Barbour of the television set permanently, the evidence most favorable to the State is that the defendant was in a group of two or more men who went into Mrs. Barbour's house and removed the television set to the woods behind her house. The defendant fled from the scene when Mrs. Barbour's friends came to her house. We believe the jury could conclude from this evidence the defendant was acting in concert with some persons who took Mrs. Barbour's television set and left it in the woods behind her house. They could conclude from this that the men intended to deprive Mrs. Barbour of the set permanently. *In re Ashby*, 37 N.C. App. 436, 246 S.E. 2d 31 (1978).

The defendant's second assignment of error is overruled.

[3] In his third assignment of error the defendant, relying on *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982); *State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981); and *State v. Keeter*, 35 N.C. App. 574, 241 S.E. 2d 708 (1978), argues that it was error for the court to accept the verdict of guilty of felonious larceny when the court did not instruct the jury to fix the value of the property and the jury did not find the value of the stolen property exceeded $400.00. The cases cited by the defendant hold that if a defendant has been found not guilty of felonious breaking or entering, the court should not accept a verdict of guilty of felonious larceny unless the court has charged the jury that they must find the stolen property was worth more than $400.00 in

order to find the defendant guilty of felonious larceny. In this case, the court's charge to the jury has not been made a part of the record. We presume the charge was correct. *Elsevier v. Machine Shop*, 9 N.C. App. 539, 176 S.E. 2d 875 (1970).

We believe that the defendant has misconstrued the requirements of *Perry, Cornell,* and *Keeter* so far as requiring the jury to find the value of the property is concerned. G.S. 14-72(a) provides in part:

> ". . . In all cases of doubt, the jury shall, in the verdict, fix the value of the property stolen."

In this case, the only evidence of value was Mrs. Barbour's testimony that in her opinion the television set was worth $800.00. The indictment charged that the value of the property was more than $400.00. It was not necessary for the jury to make a special finding in its verdict that the property was worth more than $400.00. *State v. Jeffries*, 41 N.C. App. 95, 254 S.E. 2d 550 (1979).

The defendant's third assignment of error is overruled.

No error.

Judges HEDRICK and BECTON concur.