STATE OF NORTH CAROLINA v. HENRY DAVID DOZIER, JR.

No. 7326SC671

(Filed 14 November 1973)

**Burglary and Unlawful Breakings § 7— breaking and entering — circumstantial evidence on intent — submission of misdemeanor**

Where there was evidence in a prosecution for felonious breaking and entering that defendant unlawfully broke into and entered a building, but the only evidence of any felonious intent in doing so was entirely circumstantial, the trial court properly submitted the question of defendant's guilt of the lesser included offense of breaking and entering without felonious intent. G.S. 14-54.

APPEAL by defendant from *Hasty, Judge,* 8 May 1973 Session of Superior Court held in MECKLENBURG County.

Defendant and one Woodrow Simmons were separately indicted for breaking and entering into the premises of Carolina Rim and Wheel Company, a corporation, with intent to steal. The cases were consolidated for trial.

Testifying for the State, Charlotte Police Officer J. D. Bruce stated that on the night of 15 August 1972, he and two other police officers entered the building occupied by Carolina Rim and Wheel Company to investigate an apparent break-in. They climbed in through a broken window, the same window which had initially led them to believe a break-in had occurred. While in the building Bruce heard a noise in the vicinity of some shelving in an inventory storage area. Simmons responded to his command to "come out." Simmons told Officer Bruce that someone else was still in the building. Bruce further testified that as he was escorting Simmons from the building, he saw defendant crawl from under some shelves in the presence of other police officers and that shortly thereafter defendant was brought out of the warehouse. Officer J. R. Dunn corroborated Bruce's testimony and stated that Officer Boothe had taken defendant into custody inside the premises. Officer Boothe, in turn, testified that he first saw defendant under a cardboard box and that he arrested defendant inside the building. There was no evidence that any personal property within the building had been stolen or disturbed.

Testifying in his own behalf, defendant maintained that while he and Simmons were walking in the vicinity of Carolina Rim and Wheel Company, Officer Boothe stopped them to ask if they knew anything about the broken window at Carolina Rim and Wheel Company. Defendant stated that when he and Simmons denied knowing anything about the window, Officer Boothe forced them to enter Carolina Rim and Wheel Company through the broken window and insisted that they "call out" unnamed companions whom the officer apparently believed were participating in the break-in. Defendant testified that while in the building he and Simmons were handcuffed and that it was not long before other policemen arrived on the scene. Simmons' testimony was similar to that related by defendant.

The court instructed the jury that they were to consider three possible verdicts: guilty of felonious breaking or entering, guilty of nonfelonious breaking or entering and not guilty. Upon a verdict of guilty of nonfelonious breaking or entering, the

court sentenced defendant to a prison term of two years. Counsel was appointed to perfect defendant's appeal.

*Attorney General Robert Morgan by Andrew A. Vanore, Jr., Deputy Attorney General for the State.*

*T. O. Stennett for defendant appellant.*

VAUGHN, Judge.

Defendant's sole contention on appeal, that the trial court erred "in its charge to the jury, when the Court charged on a lesser included offense, where there was no competent evidence to substantiate the charge," is without merit. Any person who breaks or enters any building described in G.S. 14-54, with intent to commit any felony or larceny therein, is guilty of a felony. A wrongful breaking or entering into such building, without the intent to commit any felony therein, is a misdemeanor, a lesser included offense within the meaning of G.S. 15-170.

Here, as in *State v. Jones,* 264 N.C. 134, 141 S.E. 2d 27, evidence as to defendant's alleged felonious intent was circumstantial. It was not only proper to instruct as to the lesser included offense, it would have been prejudicial error to fail to so instruct. *State v. Jones, supra.*

No error.

Judges MORRIS and BALEY concur.