STATE OF NORTH CAROLINA v. DENNIS HANNAH

No. 8127SC800

(Filed 2 February 1982)

**Burglary and Unlawful Breakings § 7— felonious breaking or entering—instruction on misdemeanor not required**

In a prosecution for felonious breaking or entering of a house and larceny of guns therefrom, the trial court was not required to instruct the jury on the lesser included offense of misdemeanor breaking or entering on the ground that the jury could find that defendant did not have the intent to commit the felony of larceny at the time he entered the house where the uncontradicted evidence tended to show that defendant and an accomplice went to the house in question looking for the owner's nephew; when they arrived, no one was at home; nevertheless, defendant and the accomplice went inside, went upstairs, and found two shotguns which they took with them; and defendant and the accomplice later sold the shotguns and divided the profits.

Judge BECTON dissenting.

APPEAL by defendant from *Burroughs, Judge.* Judgment entered 1 April 1981 in Superior Court, GASTON County. Heard in the Court of Appeals 12 January 1982.

Defendant was indicted and convicted of felonious breaking or entering and felonious larceny. He appeals from a judgment of imprisonment.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Associate Attorney John F. Maddrey, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Malcolm R. Hunter, Jr., for defendant-appellant.*

HILL, Judge.

Defendant and Albert James Weldon came to Jerry Howie's house on North Central Avenue in Belmont looking for Howie's wife's nephew, Jimmy West. When they arrived, no one was at home. Nevertheless, defendant and Weldon went inside. They went upstairs, looked around, and found two shotguns. Defendant and Weldon took both guns across the street to Sacred Heart College where they hid them in the woods. Later, defendant and Weldon sold the guns for one hundred dollars, which they divided

"fifty-fifty." Weldon testified that he and defendant "had drunk about a gallon of vodka the night before." Weldon was still drunk when he entered Howie's house. Defendant presented no evidence.

Defendant's sole argument is that the trial judge erred in failing to instruct the jury on the lesser included offense of misdemeanor breaking or entering. Specifically, defendant contends that there is no evidence that he broke into or entered Howie's house with the intent to commit a felony therein to support his conviction of felonious breaking or entering. We do not agree.

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor.

*State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954) (emphasis original). "However, it is not necessary to submit the lesser included offense if the evidence discloses no conflicting evidence relating to the essential elements of the greater crime." *State v. Brown*, 300 N.C. 41, 50, 265 S.E. 2d 191, 197 (1980).

Of course, in order to convict defendant as charged, the jury must find beyond a reasonable doubt that at the time defendant entered the building, he had the *intent* to perform the wrongdoing charged in the indictment. *State v. Faircloth*, 297 N.C. 388, 255 S.E. 2d 366 (1979); *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). "The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the house." *State v. Tippett*, 270 N.C. 588, 594, 155 S.E. 2d 269, 274 (1967).

In the case *sub judice*, defendant entered Howie's house after discovering that no one was there. While inside the house, he and Weldon looked around, found, and took two shotguns. Thereafter, they hid the guns, sold them, and split the profit. This evidence is sufficient from which the jury reasonably could infer that defendant *intended* to commit a felony, larceny, at the time he entered Howie's house. There being no conflict in the evidence of the greater offense, felonious breaking or entering, the trial judge did not err in failing to instruct the jury on the lesser included offense, misdemeanor breaking or entering.

No error.

Judge HEDRICK concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Without applying the relevant principles of law to the facts in this case, the majority concludes that there is "no conflict in the evidence of . . . felonious breaking or entering, [and further concludes that] the trial judge did not err in failing to instruct the jury on the lesser included offense, misdemeanor breaking or entering," ante, p. 584. I disagree, and I respectfully dissent.

The majority correctly states the applicable law as follows:

> The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954) (emphasis in original).

Ante, p. 584. The majority then seeks to show that there was sufficient evidence "from which the jury reasonably could infer that defendant *intended* to commit a felony, larceny, at the time he entered Howie's house," ante, p. 584. With this there is no quarrel. The crucial and dispositive analysis, however, should answer the following question: Was there *any* evidence that the breaking or entering was done *without* the intent to commit a felony?

When the breaking or entering is without the intent to commit a felony, the defendant is guilty of a misdemeanor. *State v. Dozier*, 19 N.C. App. 740, 200 S.E. 2d 348 (1973), *cert. denied* 284 N.C. 618, 201 S.E. 2d 690 (1974). In order to convict a defendant of felonious breaking or entering, the jury must find that *at the time he entered the building* he had the intent to commit larceny. As our Supreme Court said in *State v. Tippett*, 270 N.C. 588, 594, 155 S.E. 2d 269, 274 (1967):

> The intent with which an accused broke and entered may be found by the jury from evidence as to what he did within the

house. [Citation omitted.] *However, the fact that a felony was actually committed after the house was entered is not necessarily proof of the intent requisite for [felonious breaking or entering].* It is only evidence from which such intent at the time of the breaking and entering may be found. [Emphasis added.]

In this case the State produced only one witness connecting the defendant to the crime charged. That was Albert James Weldon, an alleged accomplice to the break-in. Weldon testified that he and the defendant went to the Howie house looking for Jimmy West, a friend of theirs. West is a nephew of Mrs. Howie. Weldon continued: "We went to the back door of Mr. Howie's house and knocked on the door. The back door is the door we always use when I go over there. That's the one everybody uses." When no one answered, Weldon testified that "the wild idea came up to go inside and look around." (Weldon's prior custodial statement, admitted for corroboration, *quoted the defendant as saying* "let's go in and take a look.") Weldon and the defendant broke into and entered the house and, after discovering two shotguns, decided to take them.

From defendant's action once inside the house, the jury can legitimately infer that he entered the house with the intent to commit larceny. That, however, is not the only legitimate inference that can be drawn from the evidence. There is also evidence from which the jury might infer that the defendant did not enter the house with the intent to commit a felony. The uncontradicted evidence is that defendant went to the house because he thought a friend of his, Jimmy West, might be at his aunt's house, and not to steal. Again, "[a] breaking and an entry without the intent to commit a felony in the building is not converted into a burglary [or felonious breaking or entering] by the subsequent commission therein of a felony subsequently conceived." 270 N.C. at 594, 155 S.E. 2d at 274.

The jury may accept or reject Weldon's or the defendant's aimless reason of "looking around" as a basis for the breaking or entering. It is because a jury is not required to accept all of the testimony and may believe any part or none of the testimony that I believe the lesser offense should have been submitted. Indeed, this Court upheld the submission of a lesser offense instruction on

facts that may have been more unbelieveable than Weldon's testimony. In *State v. Dozier,* police officers testified that after entering Carolina Rim and Wheel Company to investigate an apparent break-in, they found and arrested defendant and a companion, Simmons, who were inside the building.

> Testifying in his own behalf, defendant maintained that while he and Simmons were walking in the vicinity of Carolina Rim and Wheel Company, Officer Boothe stopped them to ask if they knew anything about the broken window at Carolina Rim and Wheel Company. Defendant stated that when he and Simmons denied knowing anything about the window, Officer Boothe forced them to enter Carolina Rim and Wheel Company through the broken window and insisted that they "call out" unnamed companions whom the officer apparently believed were participating in the break-in. Defendant testified that while in the building he and Simmons were handcuffed and that it was not long before other policemen arrived on the scene.

19 N.C. App. at 741, 200 S.E. 2d at 349.

In the face of this amazingly conflicting account of what happened, we held in *State v. Dozier* that when "evidence as to defendant's alleged felonious intent [is] circumstantial[,] [i]t [is] not only proper to instruct as to the lesser included offense, it [is] prejudicial error to fail to so instruct." 19 N.C. App. 740, 742, 200 S.E. 2d 348, 350.

I believe that the testimony in the case *sub judice* that the defendant went in to "look around" was the only direct evidence of intent and that it constitutes positive evidence conflicting with other legitimately drawn inferences of felonious intent. The defendant was, therefore, "entitled to have all lesser degrees of offenses supported by the evidence submitted to the jury as possible alternate verdicts." *State v. Drumgold,* 297 N.C. 267, 271, 254 S.E. 2d 531, 533 (1979) *quoting State v. Palmer,* 293 N.C. 633, 643-44, 239 S.E. 2d 406, 413 (1977). The factual issue that separates the greater offense from the lesser is the defendant's intent. Proof of intent is seldom susceptible of proof by direct evidence and must ordinarily be proven by circumstantial evidence from which intent may be inferred. *State v. Petry,* 226 N.C. 78, 80-81, 36 S.E. 2d 653, 654 (1946). If the issue of intent "is

not susceptible to clear cut resolution" it is error to fail to submit the lesser included offense to the jury. *State v. Banks*, 295 N.C. 399, 416, 245 S.E. 2d 743, 754 (1978).

Believing that the issue of defendant's intent at the time of his entry into the house is not clear cut—that is, there is conflicting evidence on this element of the criminal offense—I dissent and vote for a new trial.