LEVINSON, Judge.
Defendant (Timothy Scott Crump) was indicted for felony breaking and entering and felony larceny. At trial, the State presented evidence that, sometime during the late evening of 13 June or early morning of 14 June 2003, defendant and Gary Alan Raxter (herinafter Gary Alan) entered the home of the victim, Gene Raxter (hereinafter Mr. Raxter), without permission to do so. Mr. Raxter testified that he had locked the doors to his home. The back door was secured by two thumb latches. When Mr. Raxter returned home, he noticed that the screen in the back screen-door of his home had been cut in two places and that the thumb latch adjacent to each cut had been unfastened. Mr. Raxter reported that approximately ten dollars worth of food and beer had been consumed or taken from his home and that his home was left in a messy condition. In addition, several objects in the home were moved, including Mr. Raxter's bedroom telephone. No money was taken from the home.
Mr. Raxter testified that Gary Alan was his nephew. According to Mr. Raxter, Gary Alan had previously attempted to enter his residence without permission, but was not successful in doing so. Mr. Raxter further testified that Gary Alan would sometimes visit him at his residence while intoxicated and that Mr. Raxter had told Gary Alan to "stay away and not come." Mr. Raxter testified that he did not know defendant.
Gary Alan testified that he and defendant had been drinking alcohol before they arrived at Mr. Raxter's house. Gary Alan stated that, upon arriving at the house, he sat in Mr. Raxter's front porch swing and that defendant walked around to the back of the house and then emerged from the front door. Gary Alan further testified that he and defendant both drank some of Mr. Raxter's beers while in the house. He denied telling defendant that it was alright for them to be in the house.
Defendant also presented evidence. Specifically, defendant testified that Gary Alan decided to go into the victim's house to use the telephone and reassured defendant that it was "okay" for him to do so. Defendant stated that, given Gary Alan's assurances, he thought that it was alright for him (defendant) to be in the residence also. Defendant indicated that Gary Alan entered the house first and that he followed. According to defendant, neither he nor Gary Alan cut the back screen door; rather, the door was "wide open" when Gary Alan entered the house. Defendant testified that, once they were inside, Gary Alan went in the bedroom and made a telephone call and then took a bag from under the cabinet and approximately four beers out of the refrigerator. Defendant estimated that he and Gary Alan were only in the residence for four of five minutes. Defendant denied consuming any food or beverage in the victim's home and denied taking anything from the victim's home.
At the charge conference, defendant's attorney requested the trial court to submit misdemeanor breaking and entering and misdemeanor larceny as lesser included offenses to the jury. The court denied this request. The court did submit an instruction on acting in concert to the jury. The jury convicted defendant of felony breaking and entering and felony larceny, and the trial court imposed separate sentences of eleven to fourteen months imprisonment.
Defendant now appeals from the conviction and judgment for each offense. For the reasons that follow, we hold that defendant is entitled to a new trial on each charge.
In his first argument on appeal, defendant contends that the trial court erred by denying his request for a jury instruction on misdemeanor breaking and entering as a lesser included offense of felony breaking and entering where there was evidence from which a jury could conclude that defendant committed a breaking and entering without felonious intent. We agree.
A defendant "is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." State v. Leazer, 353 N.C. 234, 237, 539 S.E.2d 922, 924 (2000) (citations and internal quotation marks omitted). However, "a lesser offense should not be submitted to the jury if the evidence is sufficient to support a finding of all the elements of the greater offense, and there is no evidence to support a finding of the lesser offense." State v. Nelson, 341 N.C. 695, 697, 462 S.E.2d 225, 226 (1995). "Only when the `evidence is clear and positive as to each element of the offense charged' and there is no evidence supporting a lesser included offense may the judge refrain from submitting the lesser offense to the jury." State v. Montgomery, 341 N.C. 553, 567, 461 S.E.2d 732, 739 (1995) (quoting State v. Peacock, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985)).
The statutory offense of breaking and/or entering is codified in N.C.G.S. § 14-54 (2003) as follows:
(a) Any person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon.
(b) Any person who wrongfully breaks or enters any building is guilty of a Class 1 misdemeanor.
(c) As used in this section, "building" shall be construed to include any dwelling, dwelling house, [or] uninhabited house. . . .
Misdemeanor breaking and entering under G.S. § 14-54(b) is a lesser included offense of felonious breaking and entering under subsection (a). State v. O'Neal, 77 N.C. App. 600, 606, 335 S.E.2d 920, 924 (1985). As such, the trial court must submit misdemeanor breaking and entering where defendant is charged with felony breaking and entering, and there is evidence that supports a finding that defendant wrongfully broke into and entered a building but did not have the intent to commit any felony or larceny at the time of the breaking and entering. State v. Dozier, 19 N.C. App. 740, 742, 200 S.E.2d 348, 349-50 (1973).
"[E]vidence of what a defendant does after he breaks and enters a house is evidence of his intent at the time of the breaking and entering." State v. Gray, 322 N.C. 457, 461, 368 S.E.2d 627, 629 (1988). Thus, evidence that supports a finding that a defendant committed a larceny after a breaking and entering also "supports an inference that he committed the breaking [and] entering with the intent to commit larceny." State v. Thompkins, 83 N.C. App. 42, 44, 348 S.E.2d 605, 606 (1986).
In the instant case, the State presented evidence from which the jury could infer that defendant unlawfully broke into and entered the victim's house and, once inside, committed larceny; this evidence also permitted a finding that defendant had the intent to commit larceny at the time of the breaking and entering. Likewise, if the jury believed some, but not all, of defendant's testimony, and some, but not all, of Gary Alan's testimony, it could have convicted defendant of felony breaking and entering on a theory of acting in concert. However, defendant testified that he did not steal any property belonging to the victim and that he thought that Gary Alan had consent to be in Mr. Raxter's house; therefore, the jury could find that defendant did not commit a larceny, either alone or acting in concert with Gary Alan. Moreover, the jury could find that defendant did steal the victim's property once inside the home, but did not intend to do so at the time of the breaking and entering, such that the requisite intent was not present at the requisite time. See State v. Costigan, 51 N.C. App. 442, 444, 276 S.E.2d 467, 468 (1981) ("An essential element of the crime [of breaking and entering with intent to commit larceny] is the specific intent to steal existing at the time of the breaking or entering.").
As such, the trial court erred by denying defendant's request to have misdemeanor breaking and entering submitted to the jury as a lesser included offense of felony breaking and entering. Defendant is entitled to a new trial on the breaking and entering charge.
In his second argument on appeal, defendant contends that the trial court erred by denying his request to have misdemeanor larceny submitted to the jury as a lesser included offense of felony larceny where there was evidence from which the jury could find that defendant committed a larceny unattended by a breaking and entering. We agree. Larceny is the unlawful taking and carrying away of the personal property of another without the owner's consent with the intent to deprive the owner of his property permanently. State v. Perry, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982). Generally, "larceny of property . . . where the value of the property or goods is not more than one thousand dollars ($1,000), is a Class 1 misdemeanor." N.C.G.S. § 14-72(a) (2003). However, "[t]he crime of larceny is a felony, without regard to the value of the property in question, if the larceny is . . . [c]ommitted pursuant to a violation of . . . [Gen. Stat. §] 14-54 [governing breaking and entering] . . . ." N.C.G.S. § 14-72(b)(2) (2003). Misdemeanor larceny is a lesser included offense of felony larceny. State v. Summers, 263 N.C. 517, 518, 139 S.E.2d 627, 628 (1965). Thus, if a defendant is charged with felony larceny and there is evidence from which a jury could conclude that he committed a larceny of property valued at less than $1,000, which was not attended by an unlawful breaking or entering, then the trial court must submit misdemeanor larceny to the jury as a lesser included offense. See Leazer, 353 N.C. at 237, 539 S.E.2d at 924 (addressing duty of trial courts to submit lesser included offenses where the evidence warrants).
As already indicated, in the instant case the State presented evidence from which the jury could infer that defendant committed a larceny by stealing food and beer after unlawfully breaking into and entering the victim's home. However, the defendant testified that neither he nor Gary Alan had broken into the house and that Gary Alan told him that Mr. Raxter had consented to Gary Alan entering the home. Therefore, the jury could find that defendant unlawfully took food and beer from the defendant's home, alone or acting in concert, without also committing a breaking and entering.
As such, the trial court erred by denying defendant's request to have misdemeanor larceny submitted to the jury as a lesser included offense of felony larceny. Defendant is entitled to a new trial on the larceny charge.
Our holding makes it unnecessary to address defendant's remaining argument on appeal, which concerns alleged sentencing errors. We reverse and remand for a New Trial.
Judges McCULLOUGH and ELMORE concur.
Report per Rule 30(e).