An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1288

Filed: 20 October 2015

Mecklenburg County, No. 12 CRS 246991

STATE OF NORTH CAROLINA

v.

TIMOTHY JEROME LAWING

Appeal by Defendant from judgment entered 7 May 2014 by Judge Richard D. Boner in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 September 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Matthew Tulchin, for the State.*

> *Anne Bleyman for Defendant-appellant.*

INMAN, Judge.

Timothy Jerome Lawing ("Defendant") appeals from a judgment entered upon a jury verdict finding him guilty of felony breaking or entering. We find no error.

**Factual and Procedural Background**

On 12 August 2012, Officer Artis Glenn ("Officer Glenn") of the Charlotte-Mecklenburg Police Department ("CMPD") responded to a breaking and entering call on Hovis Road in Charlotte. When he arrived at the residence, Officer Glenn observed

a broken window next to the front door, which was unlocked. He entered the home and discovered that every room had been ransacked. Officer Glenn locked the front door and filed a report regarding the incident.

The next day, CMPD Officer John Van Hemel ("Officer Van Hemel") responded to a 911 call reporting a break-in at the same residence. Officer Van Hemel met with Stephen Belk ("Belk"), the owner of the residence, who had been away and reported the break-in upon his return. They walked through the house together, and Officer Van Hemel noticed red substances in two locations.

CMPD crime scene search investigator Mark Wilson ("Wilson") investigated the break-in at Belk's residence. Wilson collected samples of what appeared to be blood from three locations: a cushion on a sofa in the living room, a light switch in the master bedroom, and a comforter which was located in a front bedroom, near the broken window. Blood was present in two of the samples, and the DNA from those samples was subsequently matched to Defendant, who was Belk's next door neighbor.

Defendant was arrested on 31 October 2012. When he was then interviewed by CMPD Detectives David Dickinson and Daniel Cunius, Defendant claimed a man named "Cut Throat" broke into Belk's home and then requested Defendant's help in removing items. Defendant moved a laptop computer and keyboard to a home across the street for Cut Throat in exchange for four rocks of crack cocaine.

Defendant was indicted for felony breaking or entering, felony larceny, and attaining the status of an habitual felon. Beginning 6 May 2014, he was tried by a jury in Mecklenburg County Superior Court. At the close of the evidence, the trial court dismissed the larceny charge. During the subsequent jury charge conference, the trial court stated that it was "inclined to give [an instruction on] misdemeanor breaking and entering," a lesser included offense. However, the court did not ultimately give that instruction. On 7 May 2014, the jury returned a verdict finding Defendant guilty of felony breaking or entering. Defendant was then found not guilty of attaining the status of an habitual felon. The trial court sentenced Defendant to a term of 18 to 31 months of imprisonment. Defendant gave oral notice of appeal.

**Analysis**

Defendant's sole argument on appeal is that the trial court erred by failing to instruct the jury on the lesser included offense of misdemeanor breaking or entering. We disagree.

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). When properly preserved at trial, "[arguments] challenging the trial court's decisions regarding jury instructions are reviewed *de novo* by this Court." *State v. Osorio*, 196 N.C. App. 458, 466, 675 S.E.2d 144, 149 (2009). But when a Defendant

"neither request[s] the instruction nor object[s] to the court's failure to give the instruction, we review the [argument] under the plain error standard." *State v. Davis*, 177 N.C. App. 98, 102, 627 S.E.2d 474, 477 (2006).

In this case, the trial court informed counsel of its intended instructions and asked if there were any requested additions. The following colloquy ensued:

> [DEFENSE COUNSEL]: Your Honor, [Defendant] said he went in. Cut Throat asked him to help him. He never said, "I went in there to steal, I broke in there to steal."
>
> THE COURT: But he obviously knew, or at least there was an inference that he knew, since this place had been broken into, that the items were being stolen. And so to the extent he assisted him, he's charged with knowledge. I had a client years ago, he helped a guy load tires at a tire place after hours. The guy himself worked there, and he claimed he was just helping the guy out, thought he had the right to. The jury found him guilty of felony larceny on the theory of acting in concert. So I don't think there's any evidence to say he knew –- that he didn't know that the guy was stealing property.
>
> [DEFENSE COUNSEL]: I'm also asking the Court not to give the acting in concert theory. There's no evidence except for what he said, that Cut Throat asked him to come in and remove some items. There's no other evidence of an agreement or a conspiracy.
>
> [THE STATE]: That is the evidence, Your Honor, that he acted with Cut Throat, which obviously the State doesn't give much credence to, but he wants to have both sides of that coin. I think he has to –- I think the jury has sufficient evidence that if they want to they can find that he acted in concert. That was his evidence, that was his statement, I should say, our evidence. So I would ask for that.

> THE COURT:  I'm going to give it, and I'm inclined to give misdemeanor breaking and entering.  All right.  Let's bring the jury in and let the State rest, let the Defendant rest.
>
> [DEFENSE COUNSEL]:  I wanted to ask for interested witness, also.
>
> THE COURT:  All right.  I'll give that.

When the trial court subsequently instructed the jury, it did not include instructions on the lesser included offense of misdemeanor breaking and entering.  Defense counsel did not object to this omission after the instructions had concluded.

Since Defendant did not request an instruction on misdemeanor breaking and entering or object to that instruction not being given, our review is limited to plain error.  *See id.*  However, because "defendant did not 'specifically and distinctly' allege plain error as required by North Carolina Rule of Appellate Procedure 10(c)(4), defendant is not entitled to plain error review of this issue." *State v. Dennison,* 359 N.C. 312, 312-13, 608 S.E.2d 756, 757 (2005) (citing N.C. R. App. P. 10(c)(4)).  Accordingly, this argument must be overruled.

Nonetheless, Defendant contends that this issue is preserved by virtue of the trial court's statement that it was "inclined to give misdemeanor breaking and entering." *See State v. Ross*, 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988) ("[A] request for an instruction at the charge conference is sufficient compliance with the rule to warrant our full review on appeal where the requested instruction is subsequently promised but not given, notwithstanding any failure to bring the error

- 5 -

to the trial judge's attention at the end of the instructions."). Even assuming, *arguendo*, that the trial court's statement could be construed as a promise sufficient to preserve this issue for appellate review, there was no error in the trial court's failure to give the lesser included instruction.

"The essential elements of felonious breaking or entering are (1) the breaking or entering (2) of any building (3) with the intent to commit any felony or larceny therein." *State v. Mitchell*, 109 N.C. App. 222, 224, 426 S.E.2d 443, 444 (1993). Misdemeanor breaking or entering is a lesser-included offense and entails the breaking or entering of a building without the intent to commit a felony or larceny. *State v. Dozier*, 19 N.C. App. 740, 742, 200 S.E.2d 348, 349 (1973). If an indictment alleges a defendant broke and entered a building with the intent to commit larceny, and if there is no evidence of any non-felonious or non-larcenous purpose for the breaking and entering, an instruction as to misdemeanor breaking and entering is not required. *State v. Merritt*, 120 N.C. App. 732, 743, 463 S.E.2d 590, 596 (1995).

During his interrogation by CMPD, Defendant repeatedly denied breaking into Belk's home. Instead, he told the detectives that an individual named Cut Throat broke the glass and then came to Defendant's house seeking his assistance with removing items from Belk's residence. Defendant took a laptop computer and a keyboard and brought them to Cut Throat in exchange for four rocks of crack cocaine.

Defendant contends that his actions do not establish that he had the intent to commit a larceny because

> [t]he evidence supported that [Defendant] helped someone that, as far as [Defendant] knew, had the right to move those things. Some people help friends move in exchange for beer and pizza. [Defendant] apparently helped Cut Throat move in exchange for four rocks of crack cocaine, but the friendly and neighborly principle is the same.

Contrary to Defendant's contention, we do not believe a jury could rationally have found Defendant guilty of misdemeanor breaking and entering based upon the extraordinarily implausible scenario posited by Defendant. The evidence demonstrated that Defendant knew Cut Throat, whom he referred to as a drug dealer from the neighborhood, had broken into the home of Defendant's neighbor and then asked Defendant to help him remove items from the home in exchange for drugs. There was no evidence that Defendant believed that Cut Throat had the right to enter Belk's home or that he could give permission to Defendant to do so. Since nothing presented at trial would have allowed a jury to infer that Defendant did not have the intent to commit larceny when he entered Belk's home, the trial court did not err when it did not instruct the jury on the lesser included offense of misdemeanor breaking and entering. *See id.* Defendant received a fair trial, free from error.

NO ERROR.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).